222 Pa. Superior Ct. 212 (1972)
Reifel et al., Appellants,
v.
Hershey Estates.
Superior Court of Pennsylvania.
Argued March 21, 1972.
September 15, 1972.
*213 Before WRIGHT, P.J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.
Bernerd A. Buzgon, with him Davis, Katz, Buzgon & Davis, for appellants.
Thomas A. Ehrgood, with him Ehrgood and Ehrgood, for appellees.
*214 OPINION BY HOFFMAN, J., September 15, 1972:
Appellants contend that the trial court erred in instructing the jury on the assured clear distance rule under the evidence presented in the case, and that, therefore, their motion for a new trial should have been granted.
Briefly, the facts are that on December 27, 1968, appellant, Mrs. Reifel, with her two children as passengers, was driving an automobile in a westerly direction on U.S. Route 322 in Derry Township, Dauphin County. Route 322 is a two-lane highway with a posted speed limit of 55 mph. Appellant was traveling at a speed of about 30 mph on the wet highway, when she noticed a truck, moving slowly from a southerly direction, approach the intersection of Route 322 and University Drive. At the moment she first observed appellee's truck, she was approximately 70 feet from the intersection. Appellee had stopped at a stop sign which was set back 30 feet from the intersection, and began moving toward the intersection at a speed of between two and five miles per hour, so that he could get a clear view of approaching traffic. Appellee testified that he saw nothing, and that he entered the intersection without again coming to a full stop. Appellant, believing that appellee would yield the right-of-way to her vehicle, continued into the intersection without diminishing her speed. Realizing too late that the truck had not stopped, appellant struck the right rear wheels of appellee's truck which was 23 feet long, at approximately the center of the highway, swinging the 11,360 pound truck around and over the medial strip onto the other side of University Drive.
On the basis of the stated facts, the trial judge instructed the jury on the assured clear distance rule:
"No person may operate an automobile on a highway at a speed so as to endanger any person's life or property. And you are not permitted to drive at a *215 speed greater than will permit you to stop within the assured clear distance ahead. . . .
"You will have to determine whether or not from the evidence the conduct of the other was reasonably foreseeable. When you get into the assured clear distance ahead rule, as far as [appellant] is concerned, she has or any woman I should say, can only take advantage of the assured clear distance ahead rule when the conditions are usually normal. Now, you have the case of sudden emergencies where you can see ahead, but because of a sudden emergency you can't stop within what your visibility is because of some action on another person's part. . . . Now, if there was a sudden emergency there, it doesn't make a hoot of difference what this mother did at that particular time."
The assured clear distance rule, originally a common law principle, is part of The Vehicle Code (Act of May 1, 1929, P.L. 905, § 1002) which provides, inter alia, that "no person shall drive any vehicle, upon a highway . . . at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead." Our courts have applied this rule to hold plaintiffs guilty of contributory negligence for having driven into obstacles on the highway, regardless of the negligence of the person who created the hazard. As our Supreme Court said, in Rich v. Petersen Truck Lines, Inc., 357 Pa. 318, 322, 53 A. 2d 725 (1947), "The assured clear distance rule requires that a driver keep his vehicle under such control that he can always stop within the distance that he can clearly see. What this distance will be will vary according to the visibility at the time and other attending circumstances."
A limiting factor to this rule has always been that where a sudden and clear emergency arises, unforeseeable to a plaintiff and of such severity as to put a driver in instantaneous disability, a court may not charge the jury as to the assured clear distance rule. *216 The emergency, however, must be clear and sudden to such a degree that reasonable men would not differ that the driver was acting under such an emergency. But, where the evidence leaves some doubt as to whether an emergency situation existed, wholly independent and not created by plaintiff's own acts of negligence or recklessness, it is incumbent upon the trial judge to submit the issue to the jury for its determination. Casey v. Siciliano, 310 Pa. 238, 165 A. 1 (1933); Levine v. Mervis, 373 Pa. 99, 95 A. 2d 368 (1953). This Court has held that "if there is any evidence upon the consideration of which reasonable minded individuals might disagree as to whether or not the plaintiff was guilty of negligence which contributed to the accident, then the question of such contributory negligence is for the jury, not the court, to determine . . . ." Toff v. Rohde, 208 Pa. Superior Ct. 411, 416-17, 222 A. 2d 434 (1966); see also, Heffernan v. Rosser, 419 Pa. 550, 215 A. 2d 655 (1966).
Appellants contend that the assured clear distance rule should not have been charged to the jury because they were placed in a situation of extreme and sudden emergency. Appellants cite a number of cases to support their position. After reviewing the case law on this subject, we are unable to conclude that such an emergency existed in the instant case. Illustratively, appellants cite McElroy v. Rozzi, 194 Pa. Superior Ct. 184, 166 A. 2d 331 (1960). That case involved a situation where plaintiff was following a jeep upon a highway, and the jeep caused a cloud of dust to rise as it crossed a new construction site. This occurrence suddenly and temporarily removed the visibility of the road ahead, and plaintiff did not see defendant's truck appear on the road ahead. Our Court upheld the verdict for the plaintiff and stated at page 188 of the opinion that, "[t]he `assured clear distance' rule is not applicable when there is evidence from which the jury *217 might find extraordinary and disconcerting circumstances affecting the operator's judgment and actions. The rule does not mean that the motorist must carry in his mind every possible series of combinations which could conspire against him." While a sudden cloud of dust from the wheels of a jeep might present an emergency situation, it cannot be said that the instant case presents such a set of circumstances.
In the instant case, appellants admitted seeing appellee's truck 70 feet before reaching the intersection. Appellants concurred in appellee's testimony that appellee was proceeding slowly toward the intersection at the time appellants first noticed appellee's truck. The exact degree of inclemency was in dispute, but it was agreed that the road conditions were wet. Visibility was also in question, but only as affecting appellee's view, since appellants testified that they could plainly see the road ahead. Certainly, the point and force of impact could lead reasonable men to differ as to whether the appellants' car was under proper speed and control to stop within the assured clear distance ahead.[1] We believe that under the evidence on the record there did not exist that unquestioned and clear weight of evidence to constitute a sudden emergency that as a matter of law would have precluded a violation of the assured clear distance rule.
*218 Appellants contend that even if a clear emergency did not exist, the assured clear distance rule should only apply to stationary objects. This argument is founded upon the doctrine of Cormican v. Menke, 306 Pa. 156, 159 A. 36 (1932), and numerous similar cases,[2] which indicate that the assured clear distance rule is applicable only to stationary objects, or the equivalent. Those cases held that, where an oncoming pedestrian came in the path of a motor vehicle or where two vehicles were traveling in the same direction, the rule would likewise apply. However, a quick perusal of recent case law discloses that the assured clear distance rule has been held to apply equally to intersection accidents. In the case of Enfield v. Stout, 400 Pa. 6, 161 A. 2d 22 (1960), our Supreme Court held that if there is any evidence in an intersection accident upon the consideration of which reasonable men might differ, the assured clear distance rule should be determined by the jury.
Therefore, the judgment of the lower court is affirmed.
DISSENTING OPINION BY PACKEL, J.:
If an operator of a motor vehicle can only see 200 feet ahead of him, his speed must be such that he can come to a stop within 200 feet. The maintenance of such a relationship between speed and visibility is mandated by the assured clear distance rule.[1] The Supreme *219 Court in Enfield v. Stout, 400 Pa. 6, 11, 161 A. 2d 22, 25 (1960) made the following statement which has been subsequently quoted time and again: "For many years under the law of Pennsylvania it has been the rule that the driver of an automobile on a public highway must be alert to have it under such control that he can stop it within the `assured clear distance ahead.' This requires that the driver operate his automobile at such a rate of speed and in such a manner that he can always stop it within the distance that he can clearly see: Metro v. Long Transportation Company, 387 Pa. 354, 127 A. 2d 716 (1956). By this is meant the range of the driver's vision which, of course, in darkness is the scope of his headlights: Weibel v. Ferguson, 342 Pa. 113, 19 A. 2d 357 (1941)." In Griffith v. Weiner, 373 Pa. 184, 187, 95 A. 2d 517, 518 (1953), the following statement was made which also has often been quoted by the Supreme Court: "What this distance will be will vary according to the visibility at the time and other attending circumstances."
If within the visible distance there is another vehicle, the assured clear distance rule is not applicable. This was pointed out by Judge CERCONE in Holleran v. Verhovsek, 220 Pa. Superior Ct. 343, 349, 287 A. 2d 145, 148 (1971): "The lower court properly distinguished the McElroy case, supra; that case and many of the other cases cited by plaintiff in support of his contention that there was a sudden emergency, are cases where a moving vehicle suddenly darted across plaintiff's path. In factual situations such as that, we are in agreement that the assured clear distance rule would not apply." A terse reiteration of the inapplicability of the rule where the other vehicle is within the assured clear distance appears in Mihalic v. Texaco, Inc., 377 F. 2d 978, 983 (3d Cir. 1967): "Where an obstacle moves into the driver's path within a distance short of the assured clear distance, and he is unable to *220 stop, the driver is, of course, beyond the scope of the prohibition."
The cases make clear that when there is another vehicle within the visible distance other rules become applicable. In McCormick Transp. Co. v. P.T.C., 161 Pa. Superior Ct. 533, 536, 55 A. 2d 771, 773 (1947) for example, the Court points out: "In determining whether or not the plaintiff's driver in approaching the intersection was using reasonable care, it must be borne in mind that a driver having the right of way may assume within reasonable limits that one approaching on an intersecting road or street will obey the law and give him the right of way (McNulty v. Horne Co., 298 Pa. 244, 148 A. 105) and he would not be chargeable with contributory negligence merely because he failed to anticipate the negligence of the other driver." Likewise, in Jones v. Williams, 358 Pa. 559, 564, 58 A. 2d 57, 59-60 (1948), the Court stated the test in this type of case as follows: "Jones cannot be adjudged negligent for committing himself to the intersection, for with a `Stop Sign' facing the truck before it got into the intersection he had a right to assume that no vehicle coming from the left into the intersection would enter the intersection at a speed of 16 or 18 miles an hour. Jones' only error was his reliance on the belief that the `Stop Sign' would be heeded. The assumption that another driver will obey the traffic rules cannot be adjudged negligent unless the person making the assumption has timely warning that his confidence in the other's law-abidingness is misplaced."
The record in the instant case shows that the visibility was at least 100 feet.[2] The testimony also shows that the appellant driver saw the other vehicle some 70 feet away. This situation is not unlike that in *221 Fleischman v. Reading, 388 Pa. 183, 186, 130 A. 2d 429, 431 (1957), where the Court stated: "In the case at bar, Fleischman did have an assured clear distance ahead of him even when he saw the light on the defendant's truck 100 feet away. It was only when the truck moved into the plaintiff's path of travel, that the assured clear distance became unassured. By this time, however, fate's course had been shaped beyond man's alteration." Nonetheless, the court below in the instant case made the following charge, which was objected to: ". . . you are not permitted to drive at a speed greater than will permit you to stop within the assured clear distance ahead. Now that is a firm and fast rule and I am sure that you drivers have violated that frequently, and so have I. I know you are going along at night and you assume the highway is going to be clear and your headlights show 150, 200, 250 feet ahead; you are going 60 miles an hour, you can't stop in that 200 feet maybe, and if you hit something you are not driving within the range of your headlights or within the range of the assured clear distance ahead." At the very least, the charge, because of its inapplicability to the facts of this case, was confusing and prejudicial. A like situation existed in Adley Express Company, Inc. v. Willard, 372 Pa. 252, 257-258, 93 A. 2d 676, 679 (1953): "On a through-traffic four-lane highway there is not imposed upon a motorist the care required in travelling upon an ordinary two-way road with intersecting streets. To hold otherwise would thwart the purpose of through highways to facilitate traffic. Cf. McCormick Transportation Co. v. Philadelphia Transportation Co., 161 Pa. Superior Ct. 533, 539, 55 A. 2d 771.
"If the court had in mind the rule prescribed by statute that a motorist must have his car under such control as to stop `within the assured distance ahead', this rule was not applicable. There was no sign of *222 danger which was reasonably likely to arise under the circumstances here . . . The court in the instant case charged the jury as to the law applicable to a situation not supported by the facts and the plaintiff was unjustly prejudiced thereby."
The judgment should be reversed and a new trial awarded.
JACOBS, J., joins in this dissent.
NOTES
[1] Assuming the facts to be as they were stated, appellants' car would have traversed the 70 feet to the intersection in 1.6 seconds. Appellants saw appellee's truck 7 feet from the intersection, and admitted that appellee was virtually stopped before it entered the intersection. Appellee's testimony was that he was traveling at 2-5 miles per hour. Since the intersection was 24 feet in width, and there were two lanes, appellee, traveling at 5 mph, could only traverse the 7 feet to the intersection and 5 additional feet, which would not have placed even the front of his vehicle in appellants' lane. In order to explain the collision with appellee at the rear of his truck, the distance between appellants' stated position at the time she saw appellee and the intersection must have been somewhat greater than 70 feet.
[2] Long v. Pa. Truck Lines, Inc., 335 Pa. 236, 5 A. 2d 224 (1939); Filer v. Filer, 301 Pa. 461, 152 A. 567 (1930); Todd v. Nesta, 305 Pa. 280, 157 A. 678 (1931); Koppenhaver v. Swab, 316 Pa. 207, 174 A. 393 (1934).
[1] The Vehicle Code, Act of May 1, 1929, P.L. 905, 973, § 1002, as amended, 75 P.S. 1002, provides in part: ". . . no person shall drive any vehicle upon a highway . . . at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead."
[2] The appellee driver said it was at least 100 to 150 feet and the appellant driver said it was 200 to 360 feet.