**SAFEWAY TRUCK LINES, INC. and
Billy Joe Ashworth, Plaintiffs,**

v.

**MERCURY ELECTRIC PRODUCTS
MFG. CORP., Defendant.**

**Civ. No. 73–60.**

United States District Court,
M. D. Pennsylvania.

Feb. 26, 1974.

Thomas R. Balaban, Harrisburg, Pa.,
Alfred Sarowitz, Philadelphia, Pa., for
plaintiffs.

Joseph E. Gallagher, O'Malley, Morgan, Bour & Gallagher, Scranton, Pa.,
for defendant.

OPINION

MUIR, District Judge.

This is an action to recover for property damages and personal injuries sustained in an accident between two tractor-trailers on an icy bridge on Interstate 80 over the Lehigh River. The
jury returned a special verdict on the issue of liability, finding that Plaintiff
Ashworth, driver of the corporate Plaintiff's truck, was not negligent and that
the driver of the Defendant's truck was
negligent. The jury then awarded Ashworth $7,500.00 and the parties stipulated that the corporate Plaintiff's property
damage was $45,631.93.

The Defendant moved for a judgment
notwithstanding the verdict, or in the alternative, for a new trial.

At 2:00 A.M. in the morning of January 14, 1972, two tractor-trailers were being operated in an easterly direction on the two eastbound lanes of Interstate 80 near a bridge across the Lehigh River. When the two tractor-trailers were 1,000 feet from the bridge, the Defendant's tractor-trailer passed the Plaintiff's tractor-trailer at a speed of 60 miles per hour, five miles in excess of the legal speed limit. The road was dry, or, at worst, damp. A warning sign ahead of the bridge stated, "Caution. Bridge freezes before roadway." Ashworth released the accelerator and slowed to 45 miles per hour. When the Defendant's tractor-trailer entered the bridge in the left lane, the Plaintiff's tractor-trailer was 100 feet behind in the right lane. The bridge was a solid sheet of ice. The Defendant's trailer slid against the left parapet or railing and continued sliding, hitting the parapet and bouncing off. Ashworth could not apply his brakes because of the ice. His thought was that the only chance of avoiding an accident was to continue in the right lane and trust that the right lane remained open. Bouncing off the railing slowed the Defendant's truck down. Ashworth's tractor-trailer came abreast of the Defendant's tractor-trailer and partially passed it, Ashworth's tractor being ahead of the Defendant's tractor when the Defendant's trailer struck the left rear of Ashworth's trailer, throwing his unit out of control and causing his tractor to mount the bridge railing on the right side of the bridge.

The Defendant's tractor went over the bridge on the left side and plummeted 250 feet to the east bank of the river, killing the driver. Defendant's trailer broke through the railing approximately 600 feet from where it entered the bridge. Ashworth never left the right lane of travel and that lane was open until after his tractor had pulled ahead of the Defendant's tractor.

At the close of the evidence, the Defendant moved for a directed verdict, excepted to the denial of Defendant's requests for charge, requested a charge on the assured clear distance rule and excepted to a charge on the sudden emergency rule.

■ In my opinion the assured clear distance rule is not applicable to this case.

■■ The Motor Vehicle Code, 1959, P.L. 58 § 1002(a), 75 P.S. § 1002(a), as amended, provides in part as follows: ". . . no person shall drive any vehicle . . . at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead."

At no time was any portion of the Defendant's tractor-trailer ahead of the Plaintiff's tractor-trailer. Furthermore, Defendant's argument would require a driver to have his car under such control as to be able to stop not at the far end of the assured clear distance but considerably short of that point, and in this case perhaps as short as 100 feet, when he observed the truck in the lefthand lane 100 feet ahead of him slide into the parapet. At night, the assured clear distance rule applies to cases where a driver strikes a moving or fixed obstacle coming within the range of his headlights. The Plaintiff's tractor-trailer never struck the Defendant's tractor-trailer. The reverse occurred. Where an obstacle moves into a driver's path within the distance short of the assured clear distance, the assured clear distance rule has no applicability. Mihalic v. Texaco Inc., 377 F.2d 978 (3d Cir. 1967). Silverii v. Kramer, 314 F.2d 407 (3d Cir. 1963).

■■ The Defendant claims that the special verdict of the jury that Ashworth was not negligent was contrary to the weight of the evidence. Ashworth took his foot off the throttle when he saw the sign cautioning against icy conditions on the bridge and slowed to 45 miles an hour. He did not use his brakes prior to entering the bridge and once he was committed to the bridge could not apply his brakes because of the ice. The Court instructed the jury that to have one's vehicle under proper con-

trol means that in any situation reasonably likely to arise the motorist will be able to stop his vehicle before doing injury. 2 N.T. 72. The charge was proper. The jury reasonably inferred that the excessive speed of the Defendant's tractor-trailer caused the trailer to slide on the ice and create an emergency. He was entitled to and received a charge defining the standard of care expected of him when ·faced with that emergency. Whether Ashworth's action constituted negligence was one on which reasonable minds could differ and the question of his negligence was properly one for the jury.

An appropriate order will be entered.

## ORDER

The Defendant's motion for a judgment notwithstanding the verdict, or in the alternative, for a new trial is denied.