# Unangst, Appellant, et al. *v.* Whitehouse et al.

460

Submitted March 24, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John M. Yarema* and *Martin H. Philip,* for appellant.

*John D. DiGiacomo,* and *Teel, Stettz, Shimer & Di-Giacomo,* for appellees.

OPINION BY JACOBS, J., September 22, 1975:

This case arises out of a collision between an auto and a motorcycle which occurred on June 8, 1972, near the intersection of Hecktown Road and Freedom Drive, Bethlehem Township in Northampton County. Following a

jury trial a verdict was returned in favor of Plaintiff Linda Unangst against Appellee Doris Whitehouse and Appellant Dennis C. Unangst, the drivers of the vehicles involved. Appellant was denied recovery in his suit against appellee. Motions for a new trial and for judgment n.o.v. were thereafter filed by appellant, based in part on his claim that the trial court erroneously charged on the "assured clear distance ahead" rule. Following denial of his motions and entry of judgment on the verdicts, appellant filed this appeal.

The record reveals the following facts. Just prior to the 11:00 P. M. collision appellant was operating a motorcycle and was proceeding south on Hecktown Road. Appellant's wife, Linda Unangst, was a passenger on his vehicle. Appellee was operating her automobile accompanied by her son, David Whitehouse, in an easterly direction on Freedom Drive.

Hecktown Road is a through road which widens near Freedom Drive to facilitate right-turning traffic proceeding west on Freedom Drive. The predominant feature of Hecktown Road in the vicinity of the collision site is the existence of a hump or knoll in that road located some 150 to 200 feet north of the intersection. This knoll limits vision to the south for drivers approaching Freedom Drive until the crest of the knoll is reached. The rise likewise limits view of Hecktown Road to the' north for those seeking to turn from Freedom Drive onto Hecktown Road. Freedom Drive forms a "T" intersection with Hecktown Road and is controlled by a stop sign.

Appellant testified that, while proceeding south and travelling at approximately 25 to 35 miles per hour, he first observed appellee's car located about 15 feet from the stop sign on Freedom Drive; that he first made this observation as he came over the knoll; that appellee was travelling at a rate of speed such that he assumed she would not stop; that he put on his brakes at that point; that he planned to turn to the right to avoid her; but

that he collided with her shortly thereafter. Appellant maintained that he was on his own side of the road and that appellee was in the process of making a turn north onto Hecktown Road. He further indicated that she seemed to be on his side of the road and that the point of impact was north of the northern edge of Freedom Drive. In essence, he claimed that appellee swung onto Hecktown Road in a tight arc which brought her into his lane, proceeding towards the northbound lane, diagonally.

Patrolman Harold's testimony on behalf of appellant concerned the location of appellant, his motorcycle and Linda Unangst following impact. He placed both of the former in the southbound lane and the latter in the northbound lane. The location of appellee's car was not suggested by appellant's case.

Appellee testified that she stopped at the stop sign, looked, saw the way clear, then pulled onto Hecktown Road to proceed north. She indicated that just as she made the curve northwardly, she saw something in front of her at a distance of eight to ten feet and that her car was thereafter struck by appellant in the middle of the grill. She further testified that appellant and his motorcycle fell directly in front of her car.

David Whitehouse's testimony for appellee tended to place her on the northbound side of the road. He also indicated that the motorcycle was in front of the car and that the car had made the turn and was proceeding north when the collision occurred.

Appellant's primary ground for appeal is his contention that the trial court should not have charged on the assured clear distance ahead rule. As we understand his argument, appellant's objection is based on two closely related theories. Appellant first asserts that the rule should not be applied where an obstacle on the road ahead is moving *toward* a driver. Secondly, he maintains that where an obstacle moves into a driver's path within a distance *short* of the assured clear distance ahead, the rule is equally inapplicable to that object.

We have carefully reviewed the decisions of our courts and those of other jurisdictions dealing with application of the "assured clear distance ahead" rule and have found both confusion and contradiction therein. In order to decide the issues presented here we feel compelled to attempt to consolidate the various rulings into one consistent rule to which the present factual situation may be applied.

Originally a common law principle, the "assured clear distance ahead" rule is a part of The Vehicle Code, Act of May 1, 1929, P.L. 905, §1002, *as amended,* 75 P.S. §1002 (1971), which provides, *inter alia,* that "no person shall drive any vehicle, upon a highway . . . at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead." The assured clear distance ahead rule has been held to require that a driver operate his vehicle in such a manner that he can always stop within the distance he can *clearly see. Enfield v. Stout,* 400 Pa. 6, 161 A.2d 22 (1960) ; *Metro v. Long Transp. Co.,* 387 Pa. 354, 127 A.2d 716 (1956) ; *Rich v. Petersen Truck Lines, Inc.,* 357 Pa. 318, 53 A.2d 725 (1947). Otherwise stated, the rule requires that such control be maintained as will enable a driver to stop and avoid obstructions that fall within his vision. *Filer v. Filer,* 301 Pa. 461, 152 A. 567 (1930).

It is apparent that this distance, the range of a driver's vision, may vary according to the visibility at the time and other attendant circumstances, *Stark v. Fullerton Trucking Co.,* 318 Pa. 541, 179 A. 84 (1935), and that it may be "long, as on a straight road in bright daylight, or it may be shortened by storm, fog, a curve in the road or other conditions." *Gaber v. Weinberg,* 324 Pa. 385, 388, 188 A. 187, 188 (1936). At night, the assured clear distance is the scope of the driver's headlights, *Weibel v. Ferguson,* 342 Pa. 113, 19 A.2d 357 (1941) ; *Hutchinson v. Follmer Trucking Co.,* 333 Pa. 424, 5 A.2d 182 (1939), and the motorist driving at night

must take care not to drive at a speed that is faster than would allow him to stop inside that range of vision. Where vision is so obscured by darkness, fog, smoke, steam or other limiting factors that the operator can see nothing, then there is no assured clear distance ahead and even a speed of five miles per hour may violate the rule. *See Rich v. Petersen Truck Lines, Inc.,* supra.

When an obstacle is encountered by a driver which is within his line of travel, the distance to the obstacle becomes the time and distance limitation at the moment that the obstacle comes into view. The "driver must carefully watch so that he can see, if this is reasonably possible, any obstacle in his way, and can stop before a collision with it." *Farley v. Ventresco,* 307 Pa. 441, 445, 161 A. 534, 535 (1932). *See Griffith v. Weiner,* 373 Pa. 184, 95 A.2d 517 (1953); *Stark v. Fullerton Trucking Co.,* supra.

The obstacle must be discernible, however. The rule has been held inapplicable where the object ahead of the driver is so deceptive in appearance or camouflaged that even a reasonably careful driver could not realize the object was there until he was upon it. *Stano v. Rearick,* 441 Pa. 72, 271 A.2d 251 (1970); *Maranca v. Philadelphia,* 394 Pa. 531, 147 A.2d 413 (1959); *Colonial Trust Co. v. Elmer C. Breuer, Inc.,* 363 Pa. 101, 69 A.2d 126 (1949). A driver may be likewise excused from the rule where temporarily blinded by oncoming lights which tend to obscure the existence of the obstacle. *Farley v. Ventresco,* supra.

Moreover, where a sudden and clear emergency arises *inside* the range of the previously assured clear distance, the rule has been held inapplicable. *Stark v. Fullerton Trucking Co.,* supra; *Hollern v. Verhovsek,* 220 Pa. Superior Ct. 343, 287 A.2d 145, *allocatur refused,* 220 Pa. Superior Ct. *xxxviii* (1971); *McElroy v. Rozzi,* 194 Pa. Superior Ct. 184, 166 A.2d 331 (1960), *allocatur refused,* 194 Pa. Superior Ct. *xxvii* (1961); *Safeway Truck Lines,*

*Inc. v. Mercury Electric Products Mfg. Corp.*, 371 F. Supp. 269 (M.D. Pa. 1974). *See Haines v. Dulaney*, 424 Pa. 608, 227 A.2d 625 (1967) ; *Fleischman v. Reading*, 388 Pa. 183, 130 A.2d 429 (1957) ; *Mihalic v. Texaco, Inc.*, 377 F.2d 978 (3d Cir. 1967). A sudden and clear emergency may be a dust cloud, a moving object, a sudden blocking of the road, the sudden swerving of other vehicles or the aforementioned blinding lights. *Haines v. Dulaney*, supra.

Where a sudden emergency arises, this Court has held that a court may not charge the jury as to the assured clear distance rule. *Reifel v. Hershey Estates*, 222 Pa. Superior Ct. 212, 295 A.2d 138 (1972). In such a circumstance the driver has already mentally cleared the distance ahead and the sudden interjection of an instrumentality within the range thereof is not within the specific duty imposed by the rule.

Closely analogous to the difficulties presented by application of the rule in the emergency situation are those involved where the obstacle is not in the line of travel but is perched just outside the driver's path or is travelling towards the operator. In these circumstances, unlike those surrounding the emergency situation, the onrushing driver is aware of the possibility of hazard. Relative to this situation, the assured clear distance rule has often been held only applicable to static or essentially static objects or to objects moving in the same direction as the operator, *Fleischman v. Reading*, supra; *Long v. Pennsylvania Truck Lines, Inc.*, 335 Pa. 236, 5 A.2d (1939) ; *Reifel v. Hershey Estates*, supra; *Flick v. James Monfredo, Inc.*, 356 F. Supp. 1143 (E.D. Pa.), *aff'd*, 487 F.2d 1394 (3d Cir. 1973) ; *Greene v. Morelli Bros.*, 463 F.2d 725 (3d Cir. 1972) ; and it has been held that the approaching driver need not anticipate the negligence of the other driver in calculating his assured clear distance. *Fleischman v. Reading*, supra; *Schofield v. Druschel*, 359 Pa. 630, 59 A.2d 919 (1948). The assured clear dis-

tance rule has been held inapplicable where the obstacle is an oncoming vehicle. *Long v. Pennsylvania Truck Lines, Inc.*, supra; *see Greene v. Morelli Bros.*, supra. In the oncoming vehicle circumstance the assured clear distance is being lessened by two parties instead of one and it is not really in the sole control of either party. The rule is logically inapplicable to that situation. *See Cerny v. Domer*, 13 Ohio St. 2d 117, 235 N.E. 2d 132 (1968).

The distinction between a fixed and a moving object "is of course justified because it is entirely reasonable to say that one should not run into a stationary object on the road which is, and has been, in plain view for everyone to see, while it is an entirely different matter when an object suddenly moves into the path of an oncoming vehicle." *Flick v. James Monfredo, Inc.*, supra, 356 F. Supp at 1148.

The most difficult area of application of the preceding rules arises where the obstacle emerges into the path of a motorist travelling towards an intersection. Our Supreme Court has held that the assured clear distance rule may be applied in such a case, *Enfield v. Stout*, supra, in spite of the apparently mobile nature of the obstacle and the fact that a motorist need not anticipate negligence in calculating the time-distance factor, *Fleischman v. Reading*, supra.

Although *Enfield* initially appears contradictory, a close reading of that decision reveals that it *does not* represent a departure from the foregoing. The fact that the obstacle was moving in *Enfield* does not necessarily indicate that "moving" objects are included within the rule. It must be noted that the object in that case, a truck, was moving *across* the intersection and in the path of an oncoming car. This lateral movement, from the point of view of the calculation of time-distance, is of little moment. The truck in *Enfield* was essentially a static object because its movement did nothing to reduce the assured clear distance ahead for the oncoming car.

The appeal in *Enfield* arose following denial of a motion for judgment n.o.v. in support of which the driver of the oncoming car claimed there was no evidence of negligence. Our Supreme Court held that the question was properly for the jury. Because there was evidence that the oncoming driver was proceeding without lights, the assured clear distance rule was applicable if the jury found that lights were not on. With no lights on there could be little assured clear distance ahead. The Court further pointed out that the jury could have also found that there was a violation of the duty of care, control and lookout at intersections. The *Enfield* jury thus had two alternate bases for a finding of negligence and appellant's motion was held properly denied.

The totality of the preceding indicates that in an intersection case the application of the assured clear distance ahead rule depends on whether the vehicle proceeding into the intersection arrived in the lane at a point outside of or within an approaching motorist's assured clear distance ahead. *See Fleischman v. Reading,* supra; *Stark v. Fullerton Trucking Co.,* supra. If the entry was made within the assured clear distance ahead but at a point sufficiently distant to still allow the driver sufficient time in which to stop, the duty imposed is not that of the assured clear distance rule but rather that of the general duty of care and control on the road.[1] *See Enfield v.*

---

1. The Vehicle Code, Act of May 1, 1929, P.L. 905, §1002, *as amended,* 75 P.S. §1002(a) (1971) imposes three distinct duties on the driver: he shall drive "at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the traffic surface, and width of the highway, and of any other restrictions or conditions then and there existing . . ."; he shall not drive "at such a speed as to endanger the life, limb, or property of any person, . . ."; and he shall not drive "at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead." Where the assured clear distance rule is not applicable, the other two restrictions as to speed still apply.

*Stout,* supra; *see also Reich v. Miller,* 260 Iowa 929, 151 N.W.2d 605 (1967) ; *Wells v. Wildin,* 224 Iowa 913, 277 N.W. 308 (1938). *Cf. Greene v. Morelli Bros.,* supra. The assured clear distance ahead rule is thus not applicable where an instrumentality moves into the driver's path within a distance short of the assured clear distance ahead. *Hollern v. Verhovsek,* supra; *Mihalic v. Texaco, Inc.,* supra.

Appellant in the case before us has argued that the trial court erred in charging on the assured clear distance ahead rule on the grounds that the rule is inapplicable where vehicles are moving toward one another in opposite directions. We agree that the rule is not applicable in that situation. *See Long v. Pennsylvania Truck Lines, Inc.,* supra; *Greene v. Morelli Bros.,* supra. Where the evidence clearly shows that the vehicles were oncoming, we believe that the court should not charge on the assured clear distance ahead rule. In the oncoming car circumstance, other principles of the duty of care come into play. *See Sudol v. Gorga,* 346 Pa. 463, 31 A.2d 119 (1943).

In the present case, however, it was not clearly established that the vehicles were moving toward one another. Where the evidence is unclear as to whether the obstacle was in the path or entered the path outside of the assured clear distance ahead or was moving toward the driver, then an issue of fact is created which should be submitted to the jury with appropriate instructions.[2] Here the trial

---

2. Our decision here does not contradict our holding in *Reifel v. Hershey Estates,* 222 Pa. Superior Ct. 212, 295 A.2d 138 (1972). In that case appellant did not raise the issue presented here. Appellants argued that there was an emergency which precluded a charge on the rule. The *Reifel* court charged on both the rule and the emergency exception, leaving it to the jury to decide whether to apply the rule, based upon the facts found. We interpret the trial court's duty similarly today. The second argument raised in *Reifel* was the contention that the rule did not apply to intersection cases.

court instructed on the assured clear distance rule but did not charge the jury on any of the factual situations discussed herein in which the rule has been held inapplicable. The court en banc held that there was no evidence that the vehicles were oncoming in this case and that the charge, which dealt only with when the rule was *applicable,* was therefore proper.

After a careful reading of the record, we disagree and we grant appellant a new trial. The record discloses that the jury could have found two facts which, if found, would have precluded application of the assured clear distance ahead rule as we have here determined the rule to read. The jury should have been instructed that if they found those facts, the rule could not be applied.

The location of the point of impact in the center of the grill of appellee's vehicle and the testimony of appellee's witnesses that the turn "was made" is sufficient evidence that appellee had turned north and was therefore moving *toward* appellant to require an instruction on the inapplicability of the rule if the jury found that the vehicles were oncoming. Secondly, the record reveals that there was evidence that the point of impact was north of the intersection some two to ten feet. This fact, if found, would tend to indicate that the collision occurred *short* of the assured clear distance. This evidence would further indicate that appellee's auto was neither a "static" object, an "essentially static" object, nor one which was moving in the same direction as appellant but was instead an obstacle within the previously assured clear distance and moving towards appellant.

We do not hold that the court below should not have charged on the assured clear distance ahead rule in this case. Rather, we hold that the jury should have been

---

We held in *Reifel* that the rule does so apply, based on *Enfield v. Stout,* 400 Pa. 6, 161 A.2d 22 (1960), and our decision here is not inconsistent with that holding.

more completely informed as to the effect on the rule of a finding that the vehicles were moving toward one another.

Specifically, the jury should have been instructed that if they found that the collision occurred when the appellee moved into appellant's path laterally and outside of the assured clear distance ahead, then appellant was bound to have such control over his vehicle as to avoid a collision with her. They should have been further instructed that if they found that appellee moved *towards* appellant and *into* the assured clear distance ahead so that the two vehicles were simultaneously reducing the intervening distance, they should not apply the assured clear distance rule but should apply other applicable standards of care which they had been given.

Judgment reversed and a new trial granted.