OLSZEWSKI, Judge,
concurring:
I concur in the majority opinion and write separately only to further clarify the applicability of the assured clear distance ahead rule in intersectional accident cases.
As discussed in Judge McEwen’s well-reasoned opinion in Cannon v. Tabor, a number of factors preclude the application of the assured clear distance ahead rule. 434 Pa.Super. 232, 239, 642 A.2d 1108, 1112 (1994). One such factor is whether the object within the approaching motorist’s assured clear distance is static or essentially static. Id.
The law is not clear on whether a vehicle, moving perpendicularly to another vehicle approaching an intersection, is essentially static. In a line of cases culminating in Unangst v. Wkitehouse, this Court has held that a car moving perpendicularly is essentially static, as it is not reducing the distance between it and the oncoming car. 235 Pa.Super. 458, 468, 344 A.2d 695, 700 (1975). See also Enfield v. Stout, 400 Pa. 6, 161 A.2d 22 (1961); Reifel v. Hershey Estates, 222 Pa.Super. 212, 217-18, 295 A.2d 138, 141 (1972). However, in footnote 4 of Tabor, Judge McEwen indicated his disagreement with that rule stating, “as the rule applies only to static or essentially static objects, it was inapplicable to this situation in which the *649 vehicles were in motion and were perpendicularly positioned.” 434 Pa.Super. at 243, 642 A.2d at 1114 n. 4.
The best approach, hinted at by Judge McEwen in Tabor, seems to be that a perpendicularly moving vehicle may be found essentially static if it entered the intersection outside of an approaching motorist’s assured clear distance.[1] Id. at 246, 642 A.2d at 1115. If the vehicle turns perpendicularly into the intersection within the approaching driver’s assured clear distance, then the driver “has already mentally cleared the distance ahead and the sudden interjection of an instrumentality within the range thereof is not within the specific duty imposed by the [assured clear distance] rule.” Id. at 247, 642 A.2d at 1116 (citing Whitehouse, 235 Pa.Super. at 465-66, 344 A.2d at 699) (emphasis in original). In such a case, the choice of standards of care is between an emergency doctrine standard (if the entry occurred suddenly), or the regular duty of care and control of the road (if the entry occurred at a sufficient distance to allow the driver enough time in which to stop). If the vehicle entered the intersection outside of the approaching motorist’s assured clear distance, however, then the perpendicular vehicle is essentially a static object. It was in the intersection when the intersection came within the approaching driver’s assured clear distance, and it was not moving toward the approaching vehicle so as to reduce the assured clear distance.
In the present case, a factual dispute exists regarding the events leading up to the accident. Summary judgment is inappropriate because appellant might still make out a violation of the assured clear distance rule. Appellant alleges that her car was moving perpendicularly to appellee’s approaching vehicle. Under the above analysis, a characterization of her car as essentially static turns on whether she entered the intersection outside of or within appellee’s assured clear distance. She claims that she did not see appellee approaching *650 when she entered the intersection. If we draw all reasonable inferences in her favor, we could infer that since she could not see him, she turned into the intersection outside of his assured clear distance. Therefore, her vehicle is essentially static and the rule is potentially applicable.
Since appellant could possibly make out a violation of the assured clear distance ahead rule, summary judgment was improper at this stage. Appellant should have the opportunity to make out her prima facie case.[2] If she fails to do so, the trial judge has a number of ways to dispose of the suit after appellant rests her case.

. A motorist’s assured clear distance is essentially the distance that he or she can see ahead. Tabor, 434 Pa.Super at 238, 642 A.2d at 1111 (the assured clear distance rule requires a driver to be able to stop his or her vehicle "within the distance that he/she can clearly see”).

. If appellant succeeds in making out a prima facie case of negligence based on the assured clear distance ahead rule, and appellee continues to assert that he was driving slowly when appellant turned suddenly in front of him, then this could be one of the rare situations where it would be proper to instruct the jury on both the assured clear distance ahead rule and the sudden emergency doctrine. Tabor, 434 Pa.Super. at 242, 642 A.2d at 1113 n. 4 (finding dual instructions proper only when, due to disputed facts, "the very existence of facts which could support a finding of a sudden emergency was a question for the jury”). "The dual instruction assures that the jury has the applicable law for whatever factual scenario they find occurred.” Papandrea v. Hartman, 352 Pa.Super. 163, 170, 507 A.2d 822, 826 (1986) (citing Ernst v. Ace Motor Sales, 550 F.Supp. 1220, 1226 (E.D.Pa.1982), affirmed without opinion, 720 F.2d 661 (3d Cir.1983)).