Kevin J. NESTOR, Appellant

v.

COMMONWEALTH of Pennsylvania,
DEPARTMENT OF TRANSPOR-
TATION,

v.

Hestle Laverne EALY.

Kevin J. NESTOR

v.

COMMONWEALTH OF PENNSYL-
VANIA, DEPARTMENT OF
TRANSPORTATION,

v.

Hestle Laverne EALY, Appellant.

Commonwealth Court of Pennsylvania.

Argued June 6, 1994.

Decided April 17, 1995.

Reargument Denied June 19, 1995.

M. Scot Curran, for appellant Kevin J. Nestor.

Stephen P. McCloskey for appellant Hestle Laverne Ealy.

John G. Eidemueller, Jr., Deputy Atty. Gen., for appellee, Dept. of Transp.

Before SMITH and KELLEY, JJ., and SILVESTRI, Senior Judge.

KELLEY, Judge.

Kevin J. Nestor appeals the September 24, 1993 order of the Court of Common Pleas of Washington County (trial court) which granted a motion for judgment n.o.v. by the Pennsylvania Department of Transportation (DOT), denied a motion for judgment n.o.v. by Hestle Laverne Ealy, set aside the jury verdict entered on December 9, 1991, and granted a new trial to Ealy. In a cross appeal, Ealy appeals that portion of the trial court's September 24, 1993 order in which the trial court denied Ealy's motion for post-trial relief. With respect to both appeals, we affirm.[1]

This case involves a motorcycle/motor vehicle accident which occurred on April 27, 1988 on State Route 18 in North Franklin Township, Washington County, Pennsylvania. At about 4:30 p.m., Nestor was operating his motorcycle in a southerly direction on Route 18. The weather was clear and dry. Nestor was following a vehicle driven by Elaine Johnson. As these two vehicles were proceeding along Route 18, a car driven by Ealy came out of Driftwood Drive and made a right turn onto Route 18. Nestor slowed his motorcycle nearly to a stop, inasmuch as the Johnson vehicle had slowed down to allow Ealy to enter Route 18.

After Ealy had turned right onto Route 18, and after the Johnson vehicle had begun to move forward in the same direction, Nestor entered the passing lane, attempting to pass the Johnson and Ealy vehicles. When Nestor was fully in the passing lane, traveling at about 45 miles per hour, Ealy turned his car to the left and began to cross the passing lane in order to enter and park at Scotty's, a convenience/hardware store. Nestor immediately slammed on his brakes and skidded, but impact occurred as his motorcycle struck the rear of Ealy's vehicle. Nestor was seriously injured when he was thrown off his motorcycle.

Nestor commenced an action against DOT on May 16, 1989, alleging that the passing zone and speed limit in the area of the accident constituted a dangerous condition. On

---

1. By order of this court dated October 25, 1993, the cross appeals were *sua sponte* consolidated.

November 13, 1989, DOT joined Ealy as an additional defendant.

A jury trial was held, and on December 9, 1991, the jury rendered a verdict in the amount of $425,000 in favor of Nestor. The jury determined that Nestor was 40% causally negligent for the accident, Ealy was 40% causally negligent and DOT was 20% causally negligent. The trial court judge molded the verdict to reflect a net verdict of $255,000 in favor of Nestor. Timely motions for post-trial relief were filed by DOT and Ealy who both requested a new trial or judgment n.o.v. Nestor filed a petition for delay damages pursuant to Pa.R.C.P. No. 238.[2]

On April 10, 1992, the trial court found that Nestor was entitled to delay damages from DOT from May 16, 1989, the day the complaint was filed against DOT, through December 9, 1991, the date of the verdict, in the amount of $24,480. The trial court also found that Nestor was entitled to delay damages from Ealy from November 13, 1989, the day the complaint joining Ealy as an additional defendant was filed against Ealy, through July 19, 1991, the date of Ealy's settlement offer,[3] in the amount of $32,130. Based upon the award of delay damages, the total verdict in favor of Nestor was molded to $311,610.

On September 24, 1993, the trial court, en banc, granted DOT's motion for judgment n.o.v., concluding that Nestor's cause of action did not fall within the real property exception to sovereign immunity as set forth in the Judicial Code (Code) at 42 Pa.C.S. § 8522(b)(4), commonly referred to as the Sovereign Immunity Act (Act).[4] The trial

---

2. Pa.R.C.P. No. 238 provides:

(a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury ... and shall become part of the verdict, decision or award.

(2) Damages for delay shall be awarded for the period of time

(i) in an action commenced before August 1, 1989, from the date the plaintiff first filed a complaint or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the award, verdict or decision....

(3) Damages for delay shall be calculated at the rate equal to the prime rate as listed in the first edition of the Wall Street Journal published for each calendar year for which the damages are awarded, plus one percent, not compounded.

(b) The period of time for which damages for delay shall be calculated under subdivision (a)(2) shall exclude the period of time, if any,

(1) after which the defendant has made a written offer of

(i) settlement in a specified sum with prompt cash payment to the plaintiff....

and continued that offer in effect for at least ninety days or until commencement of trial, whichever first occurs, which offer was not accepted and the plaintiff did not recover by award, verdict or decision, exclusive of damages for delay, more than 125 percent of either the specified sum or the actual cost of the structured settlement plus any cash payment to the plaintiff.

....

(c) Not later than ten days after the verdict or notice of the decision, the plaintiff may file a written motion requesting damages for delay and setting forth the computation.
....

(2) If the defendant does not oppose the motion, the court shall add the damages for delay to the verdict or decision.

3. On or about July 19, 1991, Ealy made a written offer of settlement to Nestor in the amount of $25,000 in exchange for either a general release or a pro-rata joint tortfeasor release. Supplemental Record (SR.) at 519b. The settlement offer constituted an offer of the full amount of Ealy's automobile liability insurance coverage. The offer stated that it would remain open for ninety days, or until the time of trial, whichever occurred first, in accordance with Pa.R.C.P. No. 238. Ealy's settlement offer was ultimately rejected.

4. 42 Pa.C.S. §§ 8521–8528. Section 8522 sets forth as follows:

(a) **Liability imposed.**—The General Assembly, pursuant to section 11 of Article I of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in section 8528 (relating to limitations on damages), sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.

(b) **Acts which may impose liability.**—The following acts by a Commonwealth party may result in the imposition of liability on the Com-

court held that DOT had committed no act of negligence, that Nestor's injuries had not resulted from an artificial condition or defect of DOT's real property and that the intervening acts of Nestor and Ealy had served to render the real property exception to sovereign immunity inapplicable.

The trial court also determined that Ealy was not entitled to judgment n.o.v. because the evidence did not suggest that the jury verdict was improper with respect to Ealy. However, the trial court did conclude that a new trial on the issue of negligence as between Nestor and Ealy should be granted. The trial court stated that since the jury had apportioned negligence between three parties, it could not on its own accord assume how the jury would have apportioned negligence had DOT not been a party. Accordingly, the trial court set aside the jury verdict and granted Ealy a new trial. Nestor filed a timely appeal and Ealy filed a timely cross appeal to this court.

### I. Nestor's Appeal

In his appeal, Nestor raises the following issues: (1) whether the trial court erred in granting judgment n.o.v. on the basis that Nestor's injuries did not result from an artificial condition or defect of real property; (2) whether the trial court erred in granting judgment n.o.v. on the basis that DOT was not negligent; (3) whether the trial court erred in granting judgment n.o.v. on the basis that the alleged intervening acts of Nestor and Ealy rendered the real property exception to the Act inapplicable; and (4) whether the trial court erred in concluding that Ealy's settlement offer, conditioned upon obtaining a pro rata release, was sufficient to terminate Ealy's responsibility for delay damages pursuant to Pa.R.C.P. No. 238.

■■■ We initially note that our scope of review of a trial court's ruling on a motion for judgment n.o.v. is limited to determining whether the trial court abused its discretion or committed an error of law. *United States Fidelity & Guaranty Co. v. Royer Garden Center*, 143 Pa.Commonwealth Ct. 31, 598 A.2d 583 (1991), *petition for allowance of appeal denied*, 530 Pa. 663, 609 A.2d 170 (1992). In deciding whether judgment n.o.v. is warranted, this court must consider the evidence and any conflicts therein in the light most favorable to the verdict winner who is afforded the benefit of all reasonable factual inferences that arise from the evidence. *Sacco v. City of Scranton*, 115 Pa.Commonwealth Ct. 512, 540 A.2d 1370 (1988), *petition for allowance of appeal denied*, 524 Pa. 601, 568 A.2d 1251 (1989). A judgment n.o.v. will be granted only in clear cases where the facts are such that no two reasonable persons could fail to agree that the verdict was improper. *Moore v. City of Philadelphia*, 131 Pa.Commonwealth Ct. 586, 571 A.2d 518 (1990), *petition for allowance of appeal denied*, 527 Pa. 589, 588 A.2d 511 (1991).

The thrust of Nestor's arguments is that his cause of action falls within the real property exception to sovereign immunity as provided for by the Act. Nestor first argues that DOT was negligent in failing to make its highways safe for their intended use, that DOT's creation and/or maintenance of a passing zone on the highway created a "dangerous condition" within the meaning of the real property exception and that the acts of Nestor and Ealy did not constitute superseding causes insulating DOT from liability.

Pursuant to section 8522, in order for a plaintiff to maintain an action against a Commonwealth party for damages arising out of a negligent act, the plaintiff must show that (1) the damages would be recoverable under the common law or under a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity, and (2) the act by the

monwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

. . . .

*(4) Commonwealth real estate, highways and sidewalks.*—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real prop-

erty, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5) [dealing with potholes and sinkholes].

Commonwealth party falls within one of the exceptions to sovereign immunity. Addressing the issue of whether a Commonwealth party could be held liable at common law for the dangerous condition of a highway, our Supreme Court has stated that the duty of care which a Commonwealth agency owes to those using its real estate is such as to require that the condition of the property be safe for the activities for which it is regularly used, intended to be used or reasonably foreseen to be used. *Snyder v. Harmon*, 522 Pa. 424, 562 A.2d 307 (1989). *See also Bendas v. Township of White Deer*, 531 Pa. 180, 611 A.2d 1184 (1992).

In deciding the issue of DOT's negligence under common law, we must follow our Supreme Court's recent ruling in *Powell v. Drumheller*, 539 Pa. 484, 653 A.2d 619 (1995) which is controlling. In *Powell*, our Supreme Court reviewed the issue of whether the criminally negligent conduct of a co-defendant was a superseding cause relieving DOT of liability for negligently designing a Commonwealth highway.[5] It held that DOT was not relieved from liability simply because another concurring cause was also responsible for producing injury. Our Supreme Court concluded that the court of common pleas had erred in dismissing DOT from the action and stated that the case should proceed to a jury to determine whether DOT's alleged negligence was a substantial factor in causing the accident.[6] It held that it was for the jury to determine whether the actions of the co-defendant were so extraordinary as to be unforeseeable to DOT when designing a highway. The Supreme Court stated that it could not conclude with certainty that no recovery against DOT was possible.

In the present case, Nestor has argued that his accident resulted from two concurring causes: (1) the negligent driving of Ealy; and (2) DOT's creation of a dangerous condition on a Commonwealth highway by allowing a passing zone to exist in the area where the accident occurred and by failing to post signs or otherwise to restrict the speed limit, which was 55 miles per hour. These issues were presented to a jury, and the jury concluded that Nestor was 40% causally negligent for the accident, Ealy was 40% causally negligent and DOT was 20% causally negligent. SR. at 473b–74b. Pursuant to *Powell*, this determination was completely and appropriately within the province of the jury.

Since the jury has concluded that DOT was negligent, and therefore partially liable for Nestor's injuries, we must now determine whether DOT's actions fell within one of the exceptions to sovereign immunity.

Nestor contends that DOT's actions fell within the real property exception to sovereign immunity and, therefore, DOT is not immune from liability. We disagree.

Pursuant to section 8521 of the Act,[7] DOT, as a Commonwealth party,[8] is immune from

5. In her amended complaint, the plaintiff alleged that the road where the accident had occurred had no centerline designating the lanes of travel, no road markings or signs restricting passing, and no shoulders or lateral clearance areas to provide room for emergency maneuvers. DOT filed preliminary objections to the plaintiff's complaint asserting that the criminal and negligent acts of a third party prohibited the imposition of liability upon DOT because the acts alleged did not fall within the exceptions to sovereign immunity. The common pleas court sustained DOT's preliminary objections and dismissed DOT as a party. This court affirmed the decision of the court of common pleas. *See Powell v. Drumheller*, 153 Pa.Commonwealth Ct. 571, 621 A.2d 1197 (1993).

6. Our Supreme Court stated that while the principle of joint liability by concurrent causes in the context of our governmental immunity statute was reaffirmed in *Crowell v. City of Philadelphia*, 531 Pa. 400, 613 A.2d 1178 (1992), the principle was equally, if not more, applicable in *Powell*, a sovereign immunity case. The court noted that the issue of joint liability was troublesome in the governmental immunity context because the language of our governmental immunity statute provides that a local agency shall not be liable for damages on account of injury to a person caused by "any other person." 42 Pa.C.S. § 8541. Our Supreme Court stated that Commonwealth Court has interpreted this language to mean that a municipality could not be jointly liable with any other person. It further noted that our sovereign immunity statute does not include similar language.

7. 42 Pa.C.S. § 8521. Section 8521 states in pertinent part:
   (a) **General rule.**—Except as otherwise provided in this subchapter, no provision of this title shall constitute a waiver of sovereign immunity for the purpose of 1 Pa.C.S. § 2310 (relating to sovereign immunity reaffirmed; specific waiver) or otherwise.

8. Pursuant to section 8501 of the Code, a Commonwealth party is "[a] Commonwealth agency

suit except in those instances set forth in section 8522 of the Code, 42 Pa.C.S. § 8522. The real property exception states that liability may be imposed on the Commonwealth for damages caused by "[a] *dangerous condition of* Commonwealth agency real estate . . . including . . . highways under the jurisdiction of a Commonwealth agency." 42 Pa.C.S. § 8522(b)(4) (emphasis added).

■ Our Supreme Court has stated that, since the General Assembly intended to exempt the Commonwealth from immunity only in specific clearly defined situations, the real property exception to the Act must be strictly construed so as to uphold legislative intent and insulate the Commonwealth and its political subdivisions from tort liability.[9] *Snyder.* It has held that in order for the real property exception to apply, the dangerous condition must derive from, originate from or have as its source the Commonwealth realty. *Id.* at 433, 562 A.2d at 311. The real property exception will only apply where it is alleged that an artificial condition or defect of the land itself *caused* an injury to occur, and not merely where it "facilitated" injury by the acts of others. *Snyder; Byard v. Philadelphia Housing Authority,* 157 Pa.Commonwealth Ct. 269, 629 A.2d 283, *petition for allowance of appeal denied,* 536 Pa. 618, 637 A.2d 278 (1993). This court has held that a Commonwealth party is immune from suit where a plaintiff is injured as a result of his own actions or the actions of a third party even though the injury might not have occurred but for the defect of the Commonwealth's property. *Downing.*

Our Supreme Court has held that the question of what constitutes a dangerous condition is one of fact, not law, and is to be decided by the fact finder. *Bendas.* At the same time, the Supreme Court has stated that nothing in the *Bendas* opinion was in-

tended to preclude a court from entering judgment in those cases where the facts established as a matter of law that a dangerous condition did not exist. *Id.* 531 Pa. at 185 n. 6, 611 A.2d at 1187 n. 6.

■ With these principles in mind, we must determine whether DOT should be immune from liability or whether the real property exception is applicable. In this case, the jury found that DOT had created or maintained a dangerous condition along Route 18 in the area of the accident. SR. at 471b. Nonetheless, we conclude that, as a matter of law, the facts do not establish the existence of a dangerous condition of Commonwealth realty.

Even though the jury found that DOT was 20% causally negligent for the accident, it also determined that Nestor and Ealy were 80% causally negligent. As such, while a defect of Route 18 may have facilitated Nestor's injuries, a defect of the land itself did not *cause* Nestor's injuries. In addition, the facts show that at the time of the accident, Nestor and Ealy had been driving well below the speed limit, Nestor at 45 miles per hour and Ealy at 25 miles per hour. SR. at 479b, 487b. Nestor also testified that there was no defect in the highway which caused him to lose control of his motorcycle. SR. at 129b–30b. Based upon the jury's findings of negligence and the facts of this case, the trial court did not err in concluding that DOT was immune from liability. The real property exception to immunity does not apply to DOT because a defect of the land itself did not cause Nestor's injuries.

■ Nestor next argues that the trial court erred in concluding that Ealy's settlement offer was sufficient to terminate his responsibility for delay damages pursuant to Pa.R.C.P. No. 238. This issue is moot.

and any employee thereof, but only with respect to an act within the scope of his office or employment." 42 Pa.C.S. § 8501.

**9.** We note that the courts of this Commonwealth have recognized similarities between governmental and sovereign immunity provisions, and have relied upon cases in one area when confronted

with a similar problem in the other. *Downing v. Philadelphia Housing Authority,* 148 Pa.Commonwealth Ct. 225, 610 A.2d 535, *petition for allowance of appeal denied,* 532 Pa. 658, 615 A.2d 1314 (1992); *Buschman v. Druck,* 139 Pa.Commonwealth Ct. 182, 590 A.2d 53 (1991), *petition for allowance of appeal denied,* 532 Pa. 666, 616 A.2d 986 (1992).

By order dated April 10, 1992, the trial court awarded Nestor delay damages from Ealy from November 13, 1989, the day the complaint was filed against Ealy, through July 19, 1991, the date of Ealy's settlement offer, in the amount of $32,130. On September 24, 1993, the trial court granted Ealy a new trial and set aside the jury verdict entered on December 9, 1991. Accordingly, the trial court was correct in deciding that the issue of delay damages had become moot.

## II. Ealy's Cross Appeal

■ We next consider Ealy's cross appeal to this court in which he raises the following issues: (1) whether the trial court erred in refusing to charge the jury with respect to the "assured clear distance ahead" rule; and (2) whether the trial court erred in concluding that Ealy's settlement offer was sufficient to terminate his responsibility for delay damages pursuant to Pa.R.C.P. No. 238. Since we have already discussed the issue of delay damages, we will now only address the issue of the assured clear distance ahead rule.

Ealy argues that there was ample evidence in the record to allow the jury to conclude that Nestor was speeding on his motorcycle such that he would have been unable to stop within the assured clear distance ahead. As a result, Ealy asserts that the trial court erred in refusing to charge the jury on the assured clear distance ahead rule.[10] We disagree.

Section 3361 of the Vehicle Code, commonly referred to as the Assured Clear Distance Ahead Rule (Rule),[11] sets forth as follows:

No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead.

■ This court has stated that the applicability of the Rule is generally a question of fact for the jury. *Wicks v. Department of Transportation,* 139 Pa.Commonwealth Ct. 336, 590 A.2d 832 (1991). At the same time, the Rule is a rule of speed and is not applicable where an instrumentality moves into a driver's path within a distance short of the assured clear distance ahead. *Unangst v. Whitehouse,* 235 Pa.Superior Ct. 458, 344 A.2d 695 (1975). Moreover, a driver need not anticipate the negligence of another driver in calculating his assured clear distance. *Id.*

In this case, the evidence shows that Ealy moved into Nestor's path within a distance short of the assured clear distance ahead. It is not disputed that after Ealy entered Route 18, he traveled only 60 feet prior to attempting to make a left turn. SR. at 330b–31b. Ealy had only driven one car length on Route 18 before he put on his left turn signal. *Id.* Ealy then traveled only two car lengths before he attempted to make the left turn. *Id.* Moreover, the jury found that Ealy was 40% causally negligent for the accident. Therefore, the trial court did not err in refusing to charge the jury with respect to the Rule.

Accordingly, the decision of the trial court is affirmed.

### ORDER

NOW, this 17th day of April, 1995, the order of the Court of Common Pleas of Washington County, dated September 24, 1993, at No. 89–2204, is affirmed.

■

---

**10.** While Ealy asserts that he was entitled to a new trial based upon this error in the trial court's jury instructions, we note that Ealy has already been granted a new trial based upon the trial court's granting of judgment n.o.v. in favor of DOT.

**11.** 75 Pa.C.S. § 3361.