454 A.2d 645

Joseph **CHIODO**, Appellant,

v.

**GARGLOFF & DOWNHAM TRUCKING COMPANY.**

Superior Court of Pennsylvania.

Submitted April 12, 1982.

Decided Jan. 7, 1983.

Thomas L. Cooper, Pittsburgh, for appellant.

Matthew R. Wimer, Pittsburgh, for appellee.

Before HESTER, JOHNSON and POPOVICH, JJ.

PER CURIAM:

At noon on May 16, 1975, on a sunny day, when road conditions were dry, the appellant, Joseph Chiodo, was operating his 1967 Chevy, Nova station wagon on Saw Mill Run Boulevard in the City of Pittsburgh. His vehicle was the first to stop in the right hand lane for the traffic light at the juncture of South Main Street and Saw Mill Run Boulevard. Another automobile and a pick-up truck were stopped immediately to the rear of appellant's vehicle in the same lane of traffic.

All three vehicles waited for a change in the light. Before the light changed, however, an eighteen-wheel tractor-trailer unit operated by Bruce Ezra, while acting within the scope of his employment with the appellee, slammed into the rear of the pick-up truck causing a chain reaction of impacts and pushing the appellant's station wagon into the center of the intersection.

As a result of the accident, the appellant's vehicle was damaged in excess of its fair market value. Furthermore, the appellant sustained injury to his head, neck and back which required medical treatment on a regular basis for a period in excess of one year and which prevented him from returning to work for approximately 15 months following the accident.

The appellee's driver was transporting a load of food at the time of the accident. In spite of checking the braking system on both the tractor and trailer at the beginning of his run at Logansport, Indiana, and finding it to perform soundly, the appellee's driver began to experience braking problems while descending the Parkway West in Pittsburgh, two or three miles prior to the scene of the accident.

As a result of the accident and injuries sustained therein, the appellant filed a trespass complaint in the Court of Common Pleas of Allegheny County on June 30, 1975. Following a trial by jury, a verdict was returned in favor of the appellee on September 25, 1979. A Motion for a New Trial was filed and subsequently denied. This appeal is taken from the Order denying the new trial and entry of judgment.

The appellant argues that the verdict was clearly against the weight of the evidence. He specifically alleges that the indisputable rear-end collision was "extremely strong evidence of negligence" and that the appellee failed to carry its burden of proving the defense of the "sudden emergency" doctrine rendering the court's jury instruction on the "sudden emergency" doctrine improper. We agree in part, and thereby reverse and remand for a new trial.

■ The "sudden emergency" doctrine is available as a defense to a defendant who suddenly and unexpectedly finds himself confronted with a perilous situation that permits no opportunity to assess the danger and respond appropriately. *Carpenter v. Penn Central Transportation Co.*, 269 Pa.Super. 9, 409 A.2d 37 (1979); *Stacy v. Thrower Trucking, Inc.*, 253 Pa.Super. 150, 384 A.2d 1274

(1978). The doctrine is successfully applied as a defense where the defendant proves that he did not create the emergency, *Westerman v. Stout*, 232 Pa.Super. 195, 335 A.2d 741 (1975); *Toff v. Rohde*, 208 Pa.Super. 411, 222 A.2d 434 (1966), and where he responded in a reasonable fashion. *Westerman*, supra; *Johnson v. Pennsylvania Railroad Company*, 399 Pa. 436, 160 A.2d 694 (1960). The party confronting the peril simply is not expected to exercise that same degree of care mandated by normal and foreseeable circumstances. In fact, he is not required to exercise the highest or even an ordinary degree of judgment; therefore, he will not be responsible for any mistake of judgment in extricating himself from the impending dangerous situation.

In *Brown v. Schriver*, 254 Pa.Super. 468, 386 A.2d 45 (1978), the plaintiff was a rear seat passenger in an automobile operated by the defendant. The defendant was traveling at a lawful rate of speed when he encountered a curve, applied the brakes and slid on gravel forcing his vehicle off the road, through a barbed wire fence and toward a frontal impact with a tree. On appeal in *Brown*, supra, the plaintiff argued that the Court erred in instructing the jury on the "sudden emergency" doctrine because the instruction tarnished the jury's understanding and consideration of whether the defendant violated the "assured clear distance ahead" rule.

At the outset of its analysis, the *Brown* court considered the role that both rules play. The "assured clear distance ahead" rule requires that a driver operate his vehicle in such a fashion that he is always able to stop within the distance he can clearly see. *Enfield v. Stout*, 400 Pa. 6, 161 A.2d 22 (1960). Where, however, a sudden emergency arises inside this range, then the "assured clear distance ahead" rule is inapplicable. *Hollern v. Verhovsek*, 220 Pa.Super. 343, 287 A.2d 145 (1971). The *Brown* court, citing *Unangst v. Whitehouse*, 235 Pa.Super. 458, 344 A.2d 695 (1975), concluded that the "assured clear distance ahead" rule applied to those situations where the defendant's vehicle was approaching a stationary object, whereas

the "sudden emergency" doctrine applied to objects that were unforeseeably thrust into the driver's path. In accordance with this guideline, the *Brown* court held that the gravel was a stationary object dictating application of the "assured clear distance ahead" rule; hence, the lower court was reversed for having erred in instructing the jury on the "sudden emergency" doctrine. The same result was reached in *Hanlon v. Sorenson*, 289 Pa.Super. 268, 433 A.2d 60 (1981).

■ The lower court here properly instructed the jury on the "assured clear distance ahead" rule; no objects were suddenly and unexpectedly thrust in front of the appellee's vehicle thereby compelling him to react to the appellant's detriment. The "sudden emergency" doctrine was not designed for the purpose of aiding the operator of a vehicle developing unforeseen defective mechanisms. These defects were not those types of unforeseen occurrences contemplated by the "sudden emergency" doctrine. Whether these defects are attributed to any negligence on the appellee's part is determined by regular standards of duty of care and breach thereof.

Order denying post trial motions is reversed; judgment is reversed, and a new trial ordered.