## English v. Berninger

*John Bonner*, for plaintiff.
*Robert Seiferth*, for defendant.

RAUP, *P.J.* and WOLLET, *J.* concurring.

SMITH, *J.* December 3, 1984—On January 27, 1984, plaintiff filed a complaint in trespass seeking damages for injuries which his son received in an accident with defendant. On October 19, 1984, after a trial, the jury returned a verdict in favor of defendant. The court entered judgment based upon the verdict of the jury in favor of defendant and against plaintiff.

Pursuant to Pa.R.C.P. 227.1, plaintiff filed a motion for post trial relief in the nature of a motion for a

new trial. Plaintiff raises only one issue in his motion, to wit: "The court erred in giving defendant's point for charge no. 5 on the sudden emergency rule without also charging that the rule will not apply if the emergency arises through the prior negligence of the person in whose behalf the court invokes its protection." This motion was briefed and argued before the court en banc.

A summary of the undisputed facts is in order. On August 29, 1983, an accident occurred in which Marion Berninger, defendant, struck and injured Leaman English, Jr. On the day of the accident Leaman English, a child of 13 years, was riding his bicycle. He steered the bicycle onto and across a street on which defendant was driving.

At the trial both parties introduced testimony tending to show that the accident was the fault of the other. Plaintiff's evidence tended to show that defendant was driving faster than the speed limit and that she was inattentive. Defendant's testimony was that she was attentive and driving within the speed limit, but that Leaman rode the bicycle in front of her car before she had an opportunity to react to stop the car.

One of the defenses asserted by defendant is known as the "sudden-emergency" doctrine.

"The 'sudden-emergency' doctrine is available as a defense to a defendant who suddenly and unexpectedly finds himself confronted with a perilous situation that permits no opportunity to respond appropriately. . . . *The doctrine is successfully applied as a defense where defendant proves that he did not create the emergency, . . . and where he responded in a reasonable fashion.* . . . The party confronting the peril simply is not expected to exercise that same degree of care mandated by normal and foreseeable circumstances. In fact, he is not re-

quired to exercise the highest or even an ordinary degree of judgment; therefore, he will not be responsible for any mistake of judgment in extricating himself from the impending dangerous situation." Chiodo v. Gargloff 7 Downham Trucking Company, 308 Pa. Super. 498, 500, 454 A.2d 645, 646 (1983). (Emphasis added.)

On the apparent grounds of good advocacy defendant excised the second, underlined sentence of the above language of Chiodo, which sets forth the requirement that defendant prove he did not create the emergency and presented the balance of the above quote as defendant's point for charge no. 5. This redacted version of the sudden-emergency doctrine was given by the court as quoted. After the jury was charged but before the jurors retired, counsel for plaintiff objected to the language of the charge because the charge was missing the language setting forth the exception for a defendant who creates the emergency. The court overruled the objection believing that the language of the exception had been covered by other parts of the charge and because to read the exception to the sudden-emergency doctrine after the entire charge had been completed would unnecessarily highlight it.

Three issues are raised by the motion. First, was the objection to the charge waived by plaintiff by his counsel's failure to submit a jury charge stating the complete sudden-emergency doctrine or to object to the proposed charge prior to the time that the charge was given to the jury? Second, if there was no waiver of the objection, was the charge in its entirety accurate? Third, if not, was the error of failing to give the proper charge such error as to require the court to grant a new trial?

## DISCUSSION

The first issue is the timeliness of the objection. Two rules of civil procedure interact in this regard. Pa.R.C.P. 226(a) states in relevant part, "[a]ttorneys shall hand copies of the requested points for charge to the trial judge and to the opposing attorneys before the closing addresses to the jury are begun." On the other hand, Pa.R.C.P. 227(b) permits exceptions to the jury charge to be taken at any time before the jury retires. Defendant contends that the failure of plaintiff to either submit a point for charge or to object to the point for charge already submitted prior to the time the charge was given acts as a waiver of any objection. Plaintiff relies on the language of Pa.R.C.P. 227(b) in asserting that he may object to the charge until the time the jury retires. We agree with plaintiff.

The law in Pennsylvania is clear. In Boroxie v. Household Finance Company, 472 Pa. 373, 376, 372 A.2d 741, 743 (1977), the Supreme Court stated that to preserve an issue for review "the complaining party must submit a specific point for charge or make a timely specific objection to the charge as given." See also Bancato v. Koger Co., Inc., 312 Pa. Super. 448, 458 A.2d 1377 (1983). Here plaintiff chose to object to the point for charge after it was given and this was not error.

Defendant cites in her brief a number of cases which she feels stand for the proposition that plaintiff's objection was made too late in the proceeding; however, these cases deal with the situation where entirely different charges are requested by a party after the charge has been completed. Here, plaintiff was not seeking to have the court read a new or different charge, but rather, plaintiff was objecting to the language of the point for charge as it was given.

Under the rules of procedure, this is a proper method of challenging the charge and preserving the issues for subsequent review.*

The second issue is whether the charge, in its entirety was accurate. There is no doubt that without the omitted language the point for charge on the sudden-emergency doctrine was incomplete and incorrect. However, the court's review of the charge cannot stop with just a review of the sudden-emergency doctrine charge. "In determining whether or not a statement of law given in a charge is erroneous, the charge of the court must be considered in its entirety." Hoeke v. Mercy Hospital of Pittsburgh, 299 Pa. Super. 47, 55, 445 A.2d 140, 144 (1982).

Defendant asserts that the charge "adequately informed the jury that it should find defendant negligent if she could have avoided the accident by driving at a reasonable speed or keeping a proper lookout." Defendant's brief at 7. She contends that the charge on the sudden-emergency doctrine along with the language found at another point in the charge sufficiently informed the jury of defense to the sudden-emergency doctrine. We disagree.

The language which defendant relies upon as setting forth the defense to the sudden-emergency doctrine was contained in defendant's point for charge three which was given by the court as follows:

---

*While the procedure followed was proper under the rules it is not the preferred method of proceeding. After all the evidence was presented, the trial judge and counsel met in chambers to discuss the merits of the various points for charge submitted by the parties. Had counsel for plaintiff objected to the point for charge submitted by defendant at that time, we would not now be faced with the issue of a new trial in this matter. The parties could have argued and the court could have ruled on the issue without the pressures associated with an on-bench decision.

"In order to determine the question of defendant's negligence the crucial fact to be ascertained is whether the boy riding his bicycle was in front of defendant's car at such a distance ahead of it and for such an interval of time that defendant, had she been properly alert, would have been able to stop her automobile and thus avert a collision."

There is no question that a finding by the jury that defendant was not "properly alert" could have eliminated the sudden emergency defense. It is possible that the jury considered defendant's point for charge number three in the context of the sudden-emergency doctrine and still found in favor of defendant based upon the resolution of the factual dispute. However, if the jury considered defendant's point for charge three in conjunction with the sudden emergency charge, it was purely accidental. Nothing in defendant's point for charge three indicates that it could be used to negate the sudden-emergency doctrine. The charge as a whole contained no language which would limit the effect of the sudden-emergency doctrine.

In comparing defendant's point three with the language omitted from the sudden-emergency doctrine charge we find that defendant's point three is not an adequate substitution for the language omitted. The language quoted from the Chiodo case requires defendant to prove that he did not create the emergency and that he responded reasonably to the sudden emergency. Nothing in defendant's point three requires the jury to make such findings. It is true that the jury could have found that defendant created the emergency by failing to drive alertly; however, the jury was not charged that such a finding would eliminate the applicability of the sudden-emergency doctrine. In any event, the jury was in-

formed of the requirement that defendant respond in a reasonable fashion to the sudden emergency.

In short, the court erred in its charge to the jury on the sudden-emergency doctrine. This error was not corrected by any other part of the charge. Thus, the court finds that as a result of the tactics used by defendant's counsel, the charge, in its entirety, incorrectly states the law with regard to the sudden-emergency doctrine.

The fact that a charge is incorrect does not end our inquiry. "Appellate courts are disinclined to reverse a judgment of a trial court for alleged inadequacy of the charge unless the inadequacy is such that the issues are not made clear to the jury or the jury was palpably misled by what the trial judge said or unless there is an omission in the charge which amounts to fundamental error." Voitasefski v. Pittsburgh Rwys. Co., 363 Pa. 220, 226, 69 A.2d 370, 373 (1949). See also Hoeke v. Mercy Hospital of Pittsburgh, supra. However, "[a] trial judge's charges which are inadequate or not clear, or which tend to mislead, are well-recognized grounds for reversal." Sears v. Birbeck, 321 Pa. 375, 391, 184 Atl. 6 (1936).

Here the court failed to charge concerning defendant's burden of proof in asserting the sudden-emergency doctrine: e.g. that she did not create the emergency and that she responded reasonably. Had the court correctly charged the jury, the jury would have considered plaintiff's evidence — that defendant was driving too fast and that she was inattentive — to determine whether defendant created the emergency and responded reasonably. As the charge was given, the jury was not instructed to consider the evidence of defendant's neglectful driving in terms of her burden of proving the applicability of the sudden-emergency doctrine. Under

the charge as it was given to the jury, the jurors would have had to apply the sudden-emergency doctrine which significantly reduces the standard of care for which defendant was responsible without considering whether defendant proved that she did not create the emergency. Without considering the indispensable element of the sudden-emergency doctrine, the jury could not properly apply the doctrine. The standard of care employed by the jury to determine the negligence of defendant would have been considerably higher if the jury would have found that the sudden-emergency doctrine did not apply.

The failure of the court to inform the jury of defendant's burden of proof is an omission which amounts to a fundamental error. Given the nature of the error by the court, we have no choice but to grant the motion for a new trial. The court enters the following

## ORDER

And now, December 3, 1984, it is ordered and directed that defendant's motion for a new trial is hereby granted. The court administrator is directed to place this case on the trial list for the next term of civil trials.

