507 A.2d 822

**Augustus J. PAPANDREA, Sr. and Geraldine I. Papandrea, His Wife, Appellants**

v.

**Barry J. HARTMAN.**

Superior Court of Pennsylvania.

Argued Sept. 17, 1985.

Filed Feb. 26, 1986.

Reargument Denied April 30, 1986.

John J. Krafsig, Harrisburg, for appellants.

Richard B. Swartz, Harrisburg, for appellee.

Before WICKERSHAM, CIRILLO and JOHNSON, JJ.

WICKERSHAM, Judge:

This is an appeal from the judgment of the Court of Common Pleas of Dauphin County, entered on a jury's verdict in favor of defendant-appellee, Barry J. Hartman, and against plaintiffs, Augustus J. Papandrea, Sr. and Geraldine I. Papandrea, appellants, in a trespass action growing out of an automobile collision. We reverse.

Viewing the evidence in a light most favorable to the nonmoving party, defendant-appellee, the following appears of record: At approximately 3:30 P.M. on the 28th of May, 1982, appellee was driving his automobile on North Progress Avenue in Susquehanna Township, Dauphin County. It was not dark, and Hartman was moving at a reasonable rate of speed since the roadway was wet.

Hartman was approaching an intersection and could see, some 600 feet ahead, that another vehicle had stopped and its driver (appellant herein) was waiting for the traffic signal to change in his favor. The other vehicle was stationary in the left turning lane. Hartman slowed to enter the turning lane and began to apply his brakes. Hartman was traveling at less than 5 miles per hour, when his brakes allegedly failed, causing his vehicle to strike that of appel-

lants. Appellant, Augustus Papandrea, was rendered totally disabled from the collision.

The case proceeded to trial and a jury found for Hartman. Post-verdict motions were denied and judgment was entered for appellee and against plaintiffs-appellants. This appeal timely followed.

On appeal, appellants present five issues for our review.[1] We address the first of appellants' issues, which centers on the following relevant portion of the instruction to the jury by the court below:

1. Appellant raises the following issues:

1. Did the lower court judge by improperly charging the jury on both the Sudden Emergency Rule and the Assured Clear Distance Emergency Rule, which are mutually exclusive doctrines, to totally confuse the jury as to demonstrably cause a miscarriage of justice; and to further cause a gross and palpable error in the verdict of the jury, by failing to correct the charge upon timely request and objection, but then to compound said error by attempting to overrule a Superior Court decision which holding he instructed the jury and which clearly demonstrated his error in charging on the Sudden Emergency Doctrine in the first place?

2. Did the lower court judge erroneously permit the jury to consider the defense of brake failure, and demonstrably causing the shocking verdict of no recovery of a totally disabled Plaintiff-Appellant, when there was absolutely no competent proof of brake failure from any competent source?

3. Did the failure of the lower court to properly sustain timely objection in the presence of the jury, to erroneous highly prejudicial and harmful remarks of counsel for the Appellee; both in his closing remarks to the jury on facts not in evidence, and which went to very issue of liability, but to further allow said counsel to demean the expert testimony of an expert actuarial witness on facts not in evidence, and against facts in evidence to form the hypothetical question?

4. Did the failure of the court to properly charge on applicable Points for Charge, which errors were properly and timely preserved, including a totally inadequate charge of consortium, nor a proper charge as to the fact there was no requirement of mathematical exactness to establish pain and suffering and the requirements thereof, further cause the shocking verdict of the jury?

5. In view of the uncontradicted evidence that Appellant, Augustus J. Papandrea, Sr., was totally disabled and there was not one scintilla of evidence of any negligence by him, was the verdict of the jury, in view of the totality of major trial errors committed, a miscarriage of justice and shocks judicial conscience to require the grant of a new trial?

[THE COURT]: Now, I want to point out to you some of the law that is specifically involved in a situation of this type. Now, remember that I did tell you that recovery is based on negligence.

The Defendant has pointed out in his request to the Court that this Defendant cannot be negligent because he asserts that the Defendant had brake failure and because of the brake failure the Defendant was not involved in any act of negligence. There is some law to this effect that when one finds himself in a position of danger that is not the result of his negligence, he is not responsible if he makes a mistake in judgment in getting out. An honest exercise in judgment is all that is required of him even if he could have done better had he had time to deliberate.

There is also some law to the effect that where there is mechanical failure such as a brake failure, and the party neither knew of it nor had reason to know that his mechanical failure would take effect and if in this particular case if you find that the action of the Defendant from the time of the brake failure until the moment of impact were not negligent, then of course the Plaintiff—excuse me, the Defendant, would be entitled to the invocation of this doctrine which we refer to as sudden emergencies.

On the other hand, there is a lot of law which is favorable to the Plaintiff and this has been referred to by the Plaintiff as the assured clear distance ahead rule. That rule reads as follows:

> Any person having a vehicle on the highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the traffic surface and width of the highway and of any other restrictions or conditions when and where existing; and no person shall drive any vehicle upon a highway at such speed as to endanger the life, limb or property of any person, nor at a speed greater

Brief for Appellants at 3–4. We note that these issues were properly preserved for our review.

than will permit him to bring the vehicle to a stop within the assured clear distance ahead.

Now, of course, you have got a lot of things to consider in that connection because we have had the Defendant who claims that he was going at something like five miles an hour; on the other hand, you have the Plaintiff pointing out that his car was damaged in the rear to the extent of two hundred and some dollars. You have a dispute as to that by the Defendant because the Defendant asserts that he observed the car and there was no damage that he was able to observe. This all goes into the question of credibility.

In connection with this conflict between the sudden emergency rule and the assured clear distance rule, there is some other law which is to the effect that the sudden emergency doctrine, where it is used in connection with the defense, you must consider the assured clear distance rule and in a case of this nature where the Defendant alleges that in the operation of the vehicle he developed an unforeseen defect in mechanisms it has been said that these alleged defects are of the type of unforeseen occurrences contemplated by the rule and that a person cannot invoke the sudden emergency doctrine if he is not driving his car at an assured clear distance and takes that chance of having an accident. Of course, again, I merely point out those rules to you.

Perhaps, I can read this. This is what one of the cases has said: 'A defendant cannot invoke the sudden emergency doctrine as a defense to the assured clear distance ahead rule, where he alleges in the operation of his vehicle the developing of unforeseen defective mechanisms, as these alleged defects are not those types of unforeseen occurrences contemplated by the sudden emergency doctrine.' So much for that.

There were no witnesses to the accident and you will have to determine whether or not, under these rules, the rules which I have given you in connection with negligence, the sudden emergency rule and the assured clear

distance rule, whether or not this Defendant was negligent.

Now, if you determine from the evidence that there was no negligence on the part of the Defendant which was the proximate cause of the injuries to the Defendant—to the Plaintiff—the Plaintiff cannot recover. That is the end of the case and, of course, that was argued to you by the defense attorney.

On the other hand, if you conclude from the evidence that the Defendant was negligent and that his negligence was the proximate cause of these injuries to this Plaintiff, then your verdict would be for the Plaintiff and you would then come to consider the question of damages.

Now, we are not suggesting to you by what we have just said that the Defendant was negligent. That is not our function. You are the ones that have to make that determination. Once you make that determination then you come to this question of damages.

R.R. at 98a–101a.

Appellants' allegation of error is that the trial judge improperly charged the jury on *both* the "Sudden Emergency Doctrine"[2] and the "Assured Clear Distance Ahead Rule."[3]

Initially, it is well settled that:

**2.** First recognized in 1854, *see Railroad Company v. Aspell,* 23 Pa. 147 (1854), the "sudden emergency doctrine" is a defense available to a driver of a motor vehicle who suddenly and unexpectedly finds himself confronted with a perilous situation which he did not create, that permits no opportunity to assess the danger and appropriately respond. *Carpenter v. Penn Central Transportation Co.,* 269 Pa.Super. 9, 409 A.2d 37 (1979). "A sudden and clear emergency may be a dust cloud, a moving object, a sudden blocking of the road, the sudden swerving of other vehicles or ... blinding lights." *Unangst v. Whitehouse,* 235 Pa.Super. 458, 464, 344 A.2d 695, 699 (1975).

**3.** The "assured clear distance ahead rule" requires that a driver operate his vehicle in such a fashion that he is always able to stop within the distance he can clearly see. 75 Pa.C.S. § 3361. "[T]he 'assured clear distance ahead' rule applied to those situations where the defendant's vehicle was approaching a stationary object, whereas the 'sudden emergency' doctrine applied to objects that were unforeseeably thrust into the driver's path." *Chiodo v. Gargloff & Downham Trucking Co.,* 308 Pa.Super. 498, 501–02, 454 A.2d 645, 647 (1983).

where the accuracy of a charge is at issue, an appellate court must look to the charge in its entirety against the background of the evidence to determine whether or not error was committed and whether that error was prejudicial to the complaining party. *Berry v. Friday*, 324 Pa.Super. 499, 472 A.2d 191 (1984); *Slavish v. Ratajczak*, 277 Pa.Super. 272, 419 A.2d 767 (1980). We must review the charge in this light.

*Elder v. Orluck*, 334 Pa.Super. 329, 342, 483 A.2d 474, 481 (1984) (allocatur granted). In reviewing the charge we must first determine whether a sudden emergency was proven by appellee, and, then, if the facts giving rise to the emergency leave no room for doubt, the issue becomes a matter of law for the judge. *Polumbo v. DeStefano*, 329 Pa.Super. 360, 366, 478 A.2d 828, 831 (1984).

This analytical framework must be built for "the presence of a sudden emergency negates the applicability of the 'assured clear distance' rule[.]" *Id.*, 329 Pa.Superior Ct. at 365, 478 A.2d at 831; *Chiodo v. Gargloff & Downham Trucking Co.*, 308 Pa.Super. 498, 454 A.2d 645 (1983) (where a sudden emergency arises the "assured clear distance ahead" rule is inapplicable). The distinction is relevant as:

> [t]he case law in this Commonwealth indicates that the sudden emergency doctrine and the assured clear distance rule are mutually exclusive points of law and that in a given factual situation it is error to charge on both doctrines. *Sullivan v. Wolson*, 262 Pa.Super. 397, 396 A.2d 1230 (1979); *Brown v. Schriver*, 254 Pa.Super. 468, 386 A.2d 45 (1978). This is based on the rationale that the assured clear distance rule applies to essentially static or static objects, including vehicles moving in the same direction, while the sudden emergency doctrine applies only to moving instrumentalities thrust into a driver's path of travel. *Brown v. Schriver, supra.* However,

Where a "sudden and clear emergency arises *inside* the range of the previously assured clear distance, the rule has been held inapplicable." *Unangst v. Whitehouse, supra*, 235 Pa.Superior Ct. at 464, 344 A.2d at 698 (emphasis in original).

there is case law for the proposition that it is proper for the court to charge on both points of law if the facts do not conclusively establish the existence of a sudden emergency situation. *Potenburg v. Varner,* 284 Pa.Super. 19, 424 A.2d 1370 (1981).

*Elder v. Orluck, supra,* 334 Pa.Superior Ct. at 343–44, 483 A.2d at 481–82.

Therefore, at the apex of our decision is whether a "sudden emergency" actually exists under the facts of this case. The well-reasoned *Chiodo* opinion instructs us that "[t]he 'sudden emergency' doctrine was not designed for the purpose of aiding the operator of a vehicle developing *unforeseen defective mechanisms.* These defects were not those types of unforeseen occurrences contemplated by the 'sudden emergency' doctrine." *Id.,* 308 Pa.Superior Ct. at 502, 454 A.2d at 647 (emphasis added). In *Chiodo* this court found that the brake failure of a tractor-trailer did not give rise to a "sudden emergency" defense.

We note additional, if not conflicting, precedent in this state's courts. Our supreme court in *Gilligan v. Shaw,* 441 Pa. 305, 272 A.2d 462 (1971), and our court *en banc* in *Hartman v. Gieraltowski,* 198 Pa.Super. 316, 181 A.2d 688 (1962), appear to recognize vehicular brake failure as justification for the application of the "sudden emergency" doctrine. We must, therefore, accept appellee's defense of brake failure, if proven, as a sudden emergency.

■ Accepting, *arguendo,* that appellee was entitled to have the jury charged on the "sudden emergency" doctrine, the trial court's additional charge on the "assured clear distance" rule was not improper. "[W]here the evidence leaves some doubt as to whether an emergency situation existed, there is a question of fact for the jury, and the jury should be instructed on *both* the assured clear distance ahead and sudden emergency doctrines. The dual instructions assures that the jury has the applicable law for whatever factual scenario they find occurred." *Ernst v. Ace Motor Sales, Inc.,* 550 F.Supp. 1220, 1226 (E.D.Pa. 1982), *affirmed without opinion,* 720 F.2d 661 (3d Cir.1983)

(emphasis in original); *Potenburg v. Varner,* 284 Pa.Super. 19, 424 A.2d 1370 (1981). Appellants, therefore, cannot be granted relief based on this allegation of error.

Appellants' second contention of error is that the trial court erroneously permitted the jury to consider the defense of brake failure where no competent proof of such an alleged failure was produced at trial. With this we must agree.

"The 'sudden emergency' doctrine is available as a defense to a defendant who suddenly and unexpectedly finds himself confronted with a perilous situation that permits no opportunity to assess the danger and respond appropriately." *Chiodo, supra,* 308 Pa.Superior Ct. at 500, 454 A.2d at 646. "A party who pleads the existence of an emergency bears the burden of proof on this allegation." *Stacy v. Thrower Trucking Inc.,* 253 Pa.Super. 150, 157, 384 A.2d 1274, 1277 (1978). Instantly, appellee alleges brake failure as the proximate cause of the rear-end collision which resulted in the ultimate injuries to appellant husband.

Appellee, at trial, offered no evidence other than his own testimony to satisfy his burden of showing that brake failure had actually occurred, a necessary requisite in the application of the sudden emergency doctrine to this case. Accordingly, appellee should not have received a sudden emergency charge at all.

As our supreme court noted in *Pascale v. Simmons,* 406 Pa. 476, 178 A.2d 549 (1962):

It is an easy thing for any driver involved in an accident to say that his brakes failed, but one can derive from such a remark many interpretations which do not exonerate the driver. The brakes, for instance, may have failed because the driver did not apply them properly, or at all. The brakes may have failed because they were defective and the driver knew they were defective. They may have failed because the driver was traveling at such speed that they could not catch hold in time to stop the

car within the short distance still left him before reaching the object in his path.

Then, of course, it is not impossible that [the driver] was telling an untruth when he said his brakes failed. His utterance may have been a glib attempt to extricate himself from the difficult situation in which he found himself.

*Id.*, 406 Pa. at 480, 178 A.2d at 551. In addition, we agree with the panel in *Flavin v. Aldrich*, 213 Pa.Super. 420, 425, 250 A.2d 185, 187 (1968) (*en banc*), that "testimony as to an automobile's braking system 'certainly dealt with a subject that was not common knowledge.'" It is noted that under cross-examination appellee acknowledged that he was not a mechanic. R.R. at 75a.

The jury was informed, through appellee's testimony, that immediately prior to and following the accident, the brakes of his automobile performed without flaw. Appellee thereafter drove some 150 miles back to his home in New Jersey. He took the vehicle to the Chevrolet dealer from whom he purchased the car. This dealer found no evidence of brake failure. Another dealer inspected the vehicle and found there was no defect in the brake system and that the system was operating as designed. In addition, a third individual, a Chevrolet District Manager, inspected the braking system and informed appellee that no defects were present in the system.

■ When appellee said his brakes failed, it was his burden to show that they did fail and that they failed through no fault of his own. *Pascale v. Simmons, supra.* For example, in *Floravit v. Kronenwetter,* 255 Pa.Super. 581, 389 A.2d 130 (1978) (*en banc*) the defendant was traveling at a distance of one car length behind the plaintiff's vehicle, when at a speed of less than 5 m.p.h., the defendant lost braking power, and his truck collided with plaintiff's stationary automobile, causing injuries to plaintiff. At the trial, the defendant called a mechanic who testified that an examination of the truck revealed a ruptured brake hose. The witness further testified that such a

rupture would cause sudden failure of the braking system. The defendant also called the responding police officer who testified that he had engaged the brake pedal at the accident scene, finding no pressure on the pedal, which indicated brake failure. The court properly concluded, based on the above testimony, that the defendant was not negligent in failing to anticipate brake failure.

Similarly, in *Flavin v. Aldrich, supra,* the defendant therein alleged brake failure as the cause of a rear-end collision. The defendant produced the opinion evidence of a witness who had tested the brakes and who unequivocally stated that the brakes were defective because of a loss of brake fluid prior to the accident. The defendant also testified on her own behalf that her brakes failed, resulting in the accident. This was sufficient evidence on appeal to support a finding of defective brakes.

■ We are called upon in this case to determine whether a person who alleges temporary brake failure in a rear-end collision with another vehicle, may be exculpated by the defense of the "sudden emergency" doctrine based on only such person's sole, non-expert, testimony. Although appellee may certainly testify as to his recollection of the facts surrounding the accident, we do not find that same personal opinion to satisfy the requisite burden in this case. We are not convinced by examination of the entire record that appellee has produced any competent evidence to substantiate actual brake failure other than his own BALD assertion thereof. A charge on sudden emergency, under the totality of circumstances, was error, and a new trial is thereby mandated.

"The jury may not be permitted to reach its verdict on the basis of speculation or conjecture; there must be evidence upon which its conclusion may be logically based[.]" *Cuthbert v. City of Philadelphia,* 417 Pa. 610, 615, 209 A.2d 261, 264 (1965). This does not mean that the jury may not draw inferences based upon all the evidence, for that is, of course, the very heart of the jury's function. It means only that evidence presented must be such that by reasoning

174

from it, without resort to prejudice or guess, a jury can reach an appropriate conclusion.

We believe that justice requires us to grant appellants a new trial.[4]  We, therefore, reverse the judgment of the court below and remand for new trial.  Jurisdiction is relinquished.

**4.**  Having granted appellants a new trial, we need not address the other issues.  However, based upon an independent review of the record, and with benefit of oral argument, we find appellants' remaining issues to be without merit.