

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-4-2005

# Vargo v. Coslet

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4678

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Vargo v. Coslet" (2005). *2005 Decisions.* Paper 1475.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1475

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-4678

———

AMBER VARGO

Appellant

v.

BRANDON W. COSLET and WERNER ENTERPRISES, INC.

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 02-cv-00676)
District Judge: Honorable Edwin M. Kosik

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 11, 2005

Before: BARRY, FUENTES, and VAN ANTWERPEN, Circuit Judges

(Filed March 4, 2005)

OPINION OF THE COURT

———

VAN ANTWERPEN, Circuit Judge.

Appellant Amber Vargo petitions us to reverse the District Court's denial of her

Motion for a New Trial under Fed. R. Civ. P. 59, or, in the alternative, find that the

District Court's jury charge constituted an abuse of discretion. For the foregoing reasons, we will affirm the decision of the District Court.

## I. Facts

Appellant was driving southbound on Interstate 81 on August 15, 2001. Appellee Brandon Coslet was driving a tractor trailer owned by Appellee Werner Enterprises Inc., westbound on Interstate 78 and merged onto Interstate 81 southbound at approximately 10:00 a.m. Appellant and her passenger contended at trial that she was traveling in the right-hand lane when Appellee Coslet crossed over into her lane, forcing her to swerve onto the berm and lose control of her vehicle. Coslet and two witnesses claimed that, following his crossing over into the right-hand lane, Appellant crossed over onto the right-hand shoulder and attempted to pass the tractor trailer, causing the accident.

Appellant filed a negligence suit in the Pennsylvania Court of Common Pleas on March 22, 2002. Appellees removed to the United States District Court for the Middle District of Pennsylvania on April 19, 2002. A jury trial was held from November 17, 2003 through November 19, 2003. At the close of all evidence, Appellant submitted proposed jury instructions on the sudden emergency doctrine, which were refused by the District Court. The jury rendered its verdict on November 23, 2003, finding that Appellees were negligent, but that their negligence was not a substantial factor in causing Appellant's injuries. Appellant moved for a new trial on December 3, 2003, contending

2

that the verdict was against the weight of the evidence. She also filed a Notice of Appeal to this Court, which was stayed pending disposition of the pending motion for a new trial. The District Court denied the motion on March 30, 2004.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and 28 U.S.C. § 1441(a) (removal). We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review the District Court's denial of Appellant's Rule 59 Motion for a New Trial for abuse of discretion. Rotondo v. Keene Corp., 956 F.2d 436, 438 (3d Cir. 1992). Similarly, the District Court's refusal to give the proposed jury instruction dealing with the sudden emergency doctrine is reviewed for abuse of discretion. Livingstone v. North Belle Vernon Borough, 91 F.3d 515, 524 (3d Cir. 1996) (citing Government of Virgin Islands v. Isaac, 50 F.3d 1175, 1180 (3d Cir.1995)).

## III. Discussion

*A. Appellant's Rule 59 motion.*

"New trials because the verdict is against the weight of the evidence are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience."

Klein v. Hollings, 992 F.2d 1285, 1290 (3d Cir. 1993) (citing EEOC v. Delaware Dep't of Health and Social Servs., 865 F.2d 1408, 1413 (3d Cir.1989)). The failure to move for judgment as a matter of law at the close of all evidence wholly waives a party's right to mount any post-trial attack on sufficiency of evidence grounds. Yohannon v. Keene Corp., 924 F.2d 1255, 1262 (3d Cir. 1991) (citing Gebhardt v. Wilson Freight Forwarding Co., 348 F.2d 129, 132 (3d Cir. 1965)). However, we have recognized that where a challenge is made to the weight of the evidence, as opposed to the sufficiency of that evidence, a movant may ask the court to exercise its discretion and grant a new trial because the probative evidence in favor of the movant as contrasted with that opposed to it is overwhelming. Greenleaf v. Garlock, Inc., 174 F.3d 352, 365 (3d Cir. 1999).

Appellees argue that Appellant's failure to move for judgment as a matter of law precludes her Motion for a New Trial based on the weight of the evidence. In doing so, Appellees here have confused Appellant's weight of the evidence attack on the jury's verdict with a Motion for New Trial because of insufficiency of the evidence. Appellant is careful to argue only the weight of the evidence and not the sufficiency, although we are not sure that the argument is not, more appropriately, one of sufficiency. This Court in Garlock noted that the Appellant could seek a new trial on the weight of the evidence even though they did not move for judgment as a matter of law. The Court noted that because of unresolved factual issues, the Appellant was not in a position to move for judgment as a matter of law at the close of the evidence. Id. When determining whether

4

or not a jury's verdict is against the weight of the evidence, a District Court need never be concerned with whether or not a motion for judgment as a matter of law has previously been made. To require otherwise would lose sight of the purpose of weight of the evidence review. To the extent that Appellees argued otherwise, they are incorrect.

We are left with the issue of whether or not the District Court abused its discretion in denying the Motion for New Trial. The District Court concluded that there was nothing in the record to support the conclusion that the jury's verdict shocked its conscience or that the evidence overwhelmingly favored Appellant. We agree. As we have noted, the evidence was in conflict, and Appellant does not remember how she became lodged under the truck. Two eyewitnesses testified that Appellant was passing the truck on the right-hand shoulder and struck the truck. There is no evidence supporting a finding of abuse of discretion. Therefore, the District Court properly denied Appellant's Motion for a New Trial.

*B. Refusal to instruct on the sudden emergency doctrine.*

The District Court's refusal to instruct the jury on the sudden emergency doctrine, as set forth in Pennsylvania Suggested Standard Civil Jury Instruction 3.18, was an abuse of discretion.[1] It is clear that Pennsylvania state law governs all issues of negligence in

---

[1] The "sudden emergency" doctrine provides generally that an individual will not be held to the usual degree of care or be required to exercise her best judgment when confronted with a sudden and unexpected position of peril created in whole or in part by someone other than person claiming protection under doctrine. Lockhart v. List, 665

this case.  See Erie R. R. v. Tompkins, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State."); see also McKenna v. Pacific Rail Service, 32 F.3d 820, 825 (3d Cir.1994) ("[W]e are not free to impose our own view of what state law should be; we are to apply state law as interpreted by the state's highest court....[i]n the absence of guidance from that court we are to refer to decisions of the state's intermediate appellate courts for assistance in determining how the highest court would rule.")  (citations omitted).

The District Court denied Appellant's request to charge the jury with the sudden emergency doctrine, stating that she had contributed to the situation that led to the accident.  Appellant's counsel timely objected, but was overruled.  The record demonstrates that there were two competing stories before the jury.  On the one hand, Appellant contends she was driving properly in the right-hand lane when Appellee Coslet crossed into her lane.  On the other hand, Appellees maintain that Coslet was driving properly, and that Appellant attempted to pass on the right-hand shoulder of the highway.  At the time of Appellant's request for a sudden emergency jury charge, there were unresolved factual issues as to who exactly was at fault.  The District Court inexplicably took this determination away from the jury, and concluded that Appellant's negligence prevented her from benefitting from the sudden emergency doctrine.  This was a clear

---

A.2d 1176, 1180 (Pa.1995).

6

abuse of discretion. See Dickens v. Barnhart, 711 A.2d 513, 517 (Pa. Super. Ct.1998) (refusal to charge jury under sudden emergency doctrine was in error when evidence supporting a finding of plaintiff's negligence could also support a finding of due care). The District Court should have included an instruction on the sudden emergency doctrine in its charge, leaving the jury to resolve the factual dispute as to fault.[2] Even if the Court was concerned about the application of the assured clear distance rule, it should have charged on the sudden emergency doctrine. Under Pennsylvania law, "it is proper for the court to charge on both [the assured clear distance rule and the sudden emergency doctrine] if the facts do not conclusively establish the existence of a sudden emergency situation." Papandrea v. Hartman, 507 A.2d 822, 826 (Pa.Super. 1986) (citing Elder v. Orluck, 483 A.2d 474, 481-82 (Pa. Super. Ct. 1984)); see also Lockhart, 665 A.2d at 1183; Ernst v. Ace Motor Sales. Inc., 550 F.Supp.1220, 1226 (E.D.Pa. 1982), aff'd 720 F.2d 661 (3d Cir. 1983).

Appellees contend that, even if the District Court did abuse its discretion in this regard, it is harmless error because the jury never reached the question of Appellant's fault. If a jury instruction is improperly not given and the aggrieved party properly preserved the objection, that party is entitled to a remand for a new trial unless the failure to give the instruction was harmless. See Petree v. Victor Fluid Power, Inc., 831 F.2d

---

[2] Pennsylvania Suggested Jury Instruction 3.18 expressly limits the doctrine to situations in which the emergency was not created by the party claiming the benefit of the doctrine.

1191, 1197 (3d Cir. 1987). An error is harmless only if "in light of the total record here, we are satisfied that no jury would have found for the defendant solely on the basis of the [erroneous] instruction." Pivirotto v. Innovative Systems, Inc., 191 F.3d 344, 357 (3d Cir. 1999) (quoting Hurley v. Atlantic City Police Dep't, 174 F.3d 95, 121 (3d Cir.1999)) (internal quotation marks omitted).

Even if the District Court had properly charged the jury with regard to the sudden emergency doctrine, this instruction would never have been implicated by this case because the jury found that Appellees' actions, while negligent, were not a substantial factor in bringing about Appellant's injuries. The substantial factor test has been adopted in the Pennsylvania courts. Whitner v. Lojeski, 263 A.2d 889, 894 (Pa. 1970). The jury could well have found from the evidence that Appellee Coslet was negligent but that this negligence was not a cause of the accident which resulted in the Appellant's harm. It is clear from the verdict sheet that the sudden emergency doctrine had no bearing on the negligence of the Appellees, or whether or not that negligence was a substantial factor, and the absence of a charge on this doctrine did not contribute to the judgment. The jury never reached the issue of the Appellant's negligence. In light of this, the jury's findings could not have been based solely on the absence of the sudden emergency instruction. As such, this omission was harmless error.

We therefore affirm the decision of the District Court.

8