## Rozell v. Becker Associates

*Alice T. K. Corba,* for plaintiffs.
*Michael A. DeTommaso,* for defendants.
*Gary L. Weber,* for additional defendant.

JAMES JR., *J.,* June 17, 2005—This matter is before the court to consider defendants' motion for summary

judgment and additional defendant's motion for summary judgment. Plaintiffs filed a complaint against defendants who joined additional defendant (Bower), arising out of an alleged incident on March 5, 2001. The complaint alleges that plaintiff David Rozell slipped and fell on ice in the parking lot of the Berwick Shopping Center, owned by defendant Becker. Additional defendant Bower was joined in the action, it being alleged that Bower was under contract to plow snow from the parking lot and that Bower did so negligently. One major defense is whether the application of the hills and ridges doctrine applies, thus precluding plaintiffs' recovery.

The alleged facts are that David Rozell was a member of an independent cleaning crew that cleaned the K-Mart store in the defendants' shopping center. On the days prior to March 5, 2001, there had been a snow fall accumulating approximately seven inches.[1] The snow allegedly remained in the parking lot on March 5, 2001.[2] On March 4, 2001 (the day before the incident), David Rozell went to K-Mart to clean from 7 a.m. until 9:30 a.m. It was snowing during that time and snowed approximately four inches of accumulation that day.

The next day, March 5, 2001, David Rozell arrived at work at 5 a.m. It was snowing steadily when he arrived at work. He parked his car in the parking lot and walked

1. At argument, plaintiff presented a climatological report showing snowfall and temperatures on March 2, 3, 4, and 5, 2001. However, said report is for the Williamsport area and is not relevant or material to the weather situation in Berwick, which is south of Williamsport and an hour's driving distance away.

2. This fact is alleged in plaintiffs' brief, but there is no evidence in the record to support this conclusion. Nevertheless, the court will consider this fact as undisputed only for the purposes of this motion.

across the snow covered parking lot to the K-Mart store. At about 8 a.m. David Rozell's boss told him to move his car from where he parked it to an area that had already been plowed. He left the store to move his car. It was still snowing. The snow plows were working to remove snow as he went to move his car. He moved his car to an area that had been plowed. He parked it, stepped out of the car, and fell to the ground on the ice. He saw a glaze of ice that was smooth. He said that the ice was one-half inch to an inch thick around where he fell, although that was an estimate and there was no place where the ice's thickness could be measured. The ice was smooth. There were no ridges or hills or bumps. He also said that there were other icy spots in the parking lot, and that he almost fell again as he was walking toward the K-Mart store to report his fall. When he left K-Mart two hours later, he had no problem walking to his car. The lot had been salted and cindered, including the area around his car.

There is nothing in the record to show Bower's activities other than the fact that he was contracted by defendants to remove snow from the parking lot.

For purposes of these summary judgment motions, this court will consider these facts as undisputed.

## SUMMARY JUDGMENT STANDARD

The standard for determining whether summary judgment should be granted is set forth in Pa.R.C.P. 1035.2:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury."

"The essence of the revision set forth in new Rule 1035.2 is that the motion for summary judgment encompasses two concepts: (1) the absence of a dispute as to any material fact and (2) the absence of evidence sufficient to permit a jury to find a fact essential to the cause of action or defense. The former rule was unclear as to whether it encompassed the type of motion which is based upon a record which is insufficient to sustain a prima facie case. New Rule 1035.2(2) is explicit in authorizing such a motion." Pa.R.C.P. 1035.2, Explanatory comment—1996.

In determining the merit of a motion for summary judgment, the court must examine the record in the light most favorable to the non-moving party. *Ward v. Rice,* 828 A.2d 1118, 1120 (Pa. Super. 2003). All doubts as to the existence of a genuine issue of material fact must be resolved in favor of the non-moving party on motion for summary judgment. *Id.*

## DISCUSSION

The issue is whether the hills and ridges doctrine bars recovery against the landowner and/or the snow removal

contractor under the undisputed material facts. "The 'hills and ridges' doctrine is a long-standing and well entrenched legal principle that protects an owner or occupier of land from liability for generally slippery conditions resulting from ice and snow where the owner has not permitted the ice and snow to unreasonably accumulate in ridges or elevations. . . . The rationale for this doctrine has been explained as follows: '. . . to require that one's walks be always free of ice and snow would be to impose an impossible burden in view of the climatic conditions in this hemisphere.' " *Morin v. Traveler's Rest Motel Inc.,* 704 A.2d 1085, 1087 (Pa. Super. 1997).

"In order to recover for a fall on an ice or snow covered surface, [plaintiff] must show: '(1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall.' " *Biernacki v. Presque Isle Condominiums Unit Owners Association Inc.,* 828 A.2d 1114, 1117 (Pa. Super. 2003).

Plaintiff David Rozell's deposition testimony concerning the character of the ice upon which he fell is very instructive in the analysis of this case. This testimony is undisputed:

"Q (Atty. DeTommaso): Okay. And before you got off of the ground, Dave, did you have an opportunity to look down to see what caused you to fall?

"A (Plaintiff David Rozell): Uh-hum.

"Q: Yes?

"A: Yes. Ice.

"Q: And can you describe what you saw and where it was in relation to your car?

"A: It was like this (pointing to cup). A glaze. Like these cups.

"Q: You are pointing to a plastic—

"A: Like a film.

"Q: And where was it in relation to your car?

"A: All underneath me. It was all ice.

"Q: And you said a glaze?

"A: Yeah. Like a heavy, thick glaze of ice.

"Q: Can you describe its texture for me?

"A: It was slick where I was.

"Q: I mean texture, was it smooth? Was it bumpy?

"A: It was smooth where I fell.

"Q: Okay. And how much of an area did this glaze cover?

"A: Oh, it covered quite a bit after I got up to walk in because I almost fell again walking in to report my injury.

"Q: Okay. And when you almost fell again where were you? How far from your car were you or how close to the doors of K-Mart were you, whichever is easiest for you?

"A: I was still in that parking lot. I would say within 10 feet.

"Q: Of your car or the K-Mart?

"A: The door. Ten feet within the door of the K-Mart store.

"Q: And you said you almost fell again?

"A: Yes. I almost fell again just walking, you know.

"Q: And that—from the time you walked—when you got up and from the time you walked that distance to where you almost fell again, the area of the parking lot there, can you describe it?

"A: That was slick also.

"Q: Was it like a glaze that was near your car?

"A: Yes, where I fell. Yes, it was." (Plaintiff David Rozell June 25, 2004, depo. tr., p. 75 l. 3 to p. 76 l. 20.)

The facts are undisputed that it was snowing and that generally slippery conditions existed in the Berwick area on March 4, 2001 (the day before the fall). Importantly, generally slippery conditions also existed on March 5, 2001, the day of the fall and at the time of the fall. It was continually snowing. During the morning hours before the fall, defendants' agent, additional defendant Bower, was plowing, cindering, and salting the parking lot. Plaintiff David Rozell's account of the events falls squarely into the hills and ridges doctrine defense. He said there were no hills or ridges or bumps. The ice was a smooth glaze.

Plaintiff suggests that snow from prior days was left to accumulate and melt and freeze. However, there is no evidence to that effect. There is no evidence that additional defendant did anything wrong in performing snow plowing duties. Furthermore, that suggestion is belied by plaintiff David Rozell's own testimony that on the

prior day (Sunday, March 4, 2001) "I believe that it rained and then we got snow that evening." (Plaintiff David Rozell June 25, 2004, depo. tr., p. 47 ll. 20-21.) The recent rain in conjunction with the snow may have accounted for the glaze. And then it snowed again during the early morning hours of March 5, 2001, until plaintiff David Rozell fell. The evidence shows that it snowed, then rained, then snowed some more. There were generally slippery conditions. Defendants and additional defendants were acting promptly. There is no evidence that ice and snow were allowed to unreasonably accumulate or that the snow was left to melt and then freeze unreasonably.

Plaintiff must prove that the snow and ice had accumulated in "ridges [and] elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon." *Id.* Plaintiff has simply not offered proof of this crucial element of liability. Not only is there no proof of ridges or elevations, the evidence shows that the ice was a smooth glaze. Moreover, defendants and additional defendant were addressing the generally slippery conditions by plowing, cindering, and salting in a timely manner. Once again, there is no proof that the snow and ice were allowed to accumulate or that snow was allowed to accumulate and melt and freeze.

This court has read and re-read the record in this matter in detail. The inevitable conclusion is that any determination of defendants' and additional defendant's alleged negligence would be based on speculation, conjecture, and/or guess. " 'The jury may not be permitted to reach its verdict on the basis of speculation or conjecture; there

must be evidence upon which its conclusion may be logically based[.]' *Cuthbert v. City of Philadelphia,* 417 Pa. 610, 615, 209 A.2d 261, 264 (1965). This does not mean that the jury may not draw inferences based upon all the evidence, for that is, of course, the very heart of the jury's function. It means only that evidence presented must be such that by reasoning from it, without resort to prejudice or guess, a jury can reach an appropriate conclusion." *Papandrea v. Hartman,* 352 Pa. Super. 163, 173-74, 507 A.2d 822, 828 (1986).

Based on the evidence of record in this case (viewed most favorably for plaintiff), in order for a jury to find defendants liable, the jury would have to employ speculation, conjecture, and/or guess. The summary judgment motions must be granted.

## ORDER

And now, June 17, 2005, defendants' motion for summary judgment and additional defendant's motion for summary judgment are granted. Judgment is entered in favor of defendants and additional defendant and against plaintiffs.