Wilson v. Bradlees                          CV-93-047-JD   02/03/99
                   UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE


Elizabeth Wilson
and Ailsa Debold

          v.                              Civil No. 93-47-JD

Bradlees of New England, Inc.
et al.


                              O R D E R


     Defendant Union Underwear Company moves for partial summary

judgment on plaintiffs' product liability claims to the extent

the claims are based upon defendant's alleged failure to warn

(document no. 296).  Union contends that expert opinion is

necessary to prove plaintiffs' failure to warn claims so that

plaintiffs, without a "warnings" expert, cannot prove their

claims, and that Ailsa Debold has admitted that she was aware of

the danger that her clothes could burn.  Plaintiffs object,

arguing that expert opinion is not required and that Ailsa's

deposition answer does not preclude her claims based on failure

to warn.



                              Discussion

     Summary judgment is appropriate only if the "pleadings,

depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Plaintiffs allege failure to warn as part of both a strict product liability claim and a negligence claim. In their strict product liability claim, plaintiffs allege that the sweatshirt was:

> unsuitable for ordinary usage and in a defective condition which was unreasonably dangerous to the plaintiffs, the ultimate users and consumers of said product . . . in that it . . . failed to contain a warning to the consumer and/or user that it was not flame retardant or resistant; and failed to contain a warning or notice regarding the availability of aftermarket fabric treatments which would have reduced the hazards presented by the product.

As part of their negligence claim, plaintiffs allege that defendant had a duty to warn consumers and failed to warn "of the flammability characteristics of the sweatshirt as processed by the defendant [that] made the sweatshirt dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it," and failed to provide information about flame retardant treatments for the sweatshirt.

Union contends that plaintiffs cannot prove, without expert testimony, that lack of a warning caused Ailsa's injuries or that a warning would have made a difference. Since plaintiffs do not have an expert witness on the issue of warnings, Union asserts it is entitled to judgment on the warnings claims. Specifically,

2

Union believes expert testimony is necessary to show the appropriate contents, location, size, conspicuousness, and mode of delivery for a warning as well as to show that a warning would have been read and understood and would have changed Ailsa's conduct before the accident occurred.

Product liability based upon an alleged design defect first requires proof "'that the design of the product created a defective condition unreasonably dangerous to the user.'" Price v. BIC Corp., 702 A.2d 330, 332 (N.H. 1997) (quoting LeBlanc v. Honda, 141 N.H. 579, 585 (1997)). Failure to warn of a nonobvious risk of danger is one factor that may cause a product to be defective and unreasonably dangerous. Chellman v. Saab-Scania AB, 138 N.H. 73, 78 (1993). A plaintiff must show that the defective and unreasonably dangerous condition of the product caused her injury. Id. at 77.

Union offers no authority that under New Hampshire law causation in a product liability case alleging a failure to warn must always be proven with expert testimony. In fact, the cases Union cites do not discuss the necessity of expert testimony to prove causation for a failure to warn claim, but instead address the necessity of expert testimony on technical matters beyond common understanding such as the standard of care in construction and the effects of certain variables in electrical tool

3

operation.  See Schlier v. Milwaukee Elec. Tool Corp., 835 F.
Supp. 839, 842 (E.D. Pa. 1993); Lemay v. Burnett, 139 N.H. 633,
634 (1995).  It is well established that expert testimony may
assist jurors asked to consider the efficacy of a warning in a
technical field such as the hazards of driving an all terrain
vehicle on ice or the operation of a medical product used by
heart surgeons.  See, e.g., LeBlanc, 141 N.H. at 585; Knowlton v.
Deseret Medical, Inc., 930 F.2d 116, 120 (1st Cir. 1991); see
also Fed. R. Evid. 702.

Union has not explained, however, in what way expert
testimony would assist jurors in determining whether the absence
of a warning on Ailsa's sweatshirt contributed to cause her
injury.[1]  On the record presented for summary judgment here,
Union has not shown that flammability warnings or the effect of a
warning on a reasonable person are beyond the common knowledge of
ordinary jurors.  While expert testimony might be of assistance,
Union has not shown such testimony is required.

As Union has not demonstrated the necessity of expert
witness testimony to establish causation for plaintiffs' failure
to warn claims, it has not shown that it is entitled to judgment

_____

[1]In contrast, expert testimony is certainly necessary to
explain the particular flammability characteristics plaintiffs
allege required a warning.

4

as a matter of law on those claims based on plaintiffs' lack of a "warnings" expert witness.

B.  Obvious Danger

The duty to warn arises if a product is unreasonably dangerous because of the risk of a hidden danger.  See Laramie, 707 A.2d at 445;  Chellman, 138 N.H. at 78; Thibault v. Sears, Roebuck & Co., 118 N.H. 802, 808 (1978).  Union argues that it is entitled to summary judgment on plaintiffs' failure to warn claims because the risk that clothing will burn if exposed to sufficient heat for a sufficient time is obvious and because Ailsa testified in her deposition that she knew that clothing could burn.

The danger that a sweatshirt, or most ordinary clothing, will burn if left in contact with a hot stove burner is probably obvious.  In her deposition, Ailsa was asked, "Had your parents warned you that fabrics can burn?  That you should keep your nightgown or your clothes away from a fire or stoves or whatever?"  Ailsa responded, "Yes."  She was then asked, "So you knew that?" and she answered, "Yes."  Based on her deposition statements, it is fair to conclude that Ailsa knew that her clothes could burn and that she should keep her clothes away from

5

a hot burner.[2]  Ailsa's admitted understanding that clothes could burn obviates the need for a warning that her sweatshirt was not flame retardant.  Accordingly, Union is entitled to summary judgment as to plaintiffs' strict liability claim based on the need for a warning that the sweatshirt was not flame retardant.

Plaintiffs also alleged strict products liability and negligence based on a failure to inform consumers about the availability of aftermarket treatment and negligence based on a failure to warn about the flammability characteristics of the sweatshirt.  Nothing in Ailsa's deposition answers, submitted by Union, addresses whether she knew about aftermarket treatment for her sweatshirt or any particular flammability characteristics of her sweatshirt.  In response to Union's motion for partial summary judgment, plaintiffs submitted Ailsa's affidavit in which she says that on the date of the accident she had no "awareness" that her sweatshirt would "ignite instantaneously," "be very difficult to extinguish," or "melt and cause a more severe burn."[3]

_____

[2]Plaintiffs object that Ailsa's answer should not be used in support of summary judgment because it was given in response to a compound and leading question.  Plaintiffs' counsel, however, did not object to the form of the question during the deposition. See Fed. R. Civ. P. 32(d)(3)(B) (errors in the form of deposition questions are waived unless objected to at the time).

[3]Ailsa's fourth statement in her affidavit, "I had no awareness that the act of turning off a stove burner in my home

Accordingly, as the availability of aftermarket treatments and the particular flammability characteristics of the sweatshirt were neither obvious nor known to Ailsa, those claims survive Union's motion for partial summary judgment.

Conclusion

For the foregoing reasons, Union's motion for partial summary judgment (document no. 296) is granted as to plaintiffs' claim of failure to warn of a lack of flame retardant (part of strict liability claim) and is otherwise denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

February 3, 1999
cc:  Thomas E. Craig, Esquire
     Louis P. Faustini, Esquire
     Michael P. Lehman, Esquire
     Michael J. Goldman, Esquire
     Alexander J. Walker, Esquire
     Dennis T. Ducharme, Esquire

_____

could lead to the serious burn injuries I received," seems at least in part to contradict her deposition answers. Since Union has not objected to the affidavit, however, the statement is allowed for purposes of summary judgment. See Fed. R. Civ. P. 56(e); Colantuoni v. Alfred Calcagni & Sons, 44 F.3d 1, 45 (1st Cir. 1994); Casas Office Machs. v. Mita Copystar America, 42 F.3d 668, 682 (1st Cir. 1994).